Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deanna Sykes, Andrew Witham, Adam Richards, Second Amendment Foundation, Inc., and The Calguns Foundation, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> John McGinness, County of Sacramento, Ed Prieto, and County of Yolo, <br><br> Defendants. | Case No. 2:09-cv-01235-MCE-KJM <br><br> **FIRST AMENDED COMPLAINT** <br><br> 42 U.S.C. §§ 1983, 1988 |

## COMPLAINT

COME NOW the Plaintiffs, Deanna Sykes, Andrew Witham, Adam Richards, Second Amendment Foundation, Inc. ("SAF"), and The Calguns Foundation, Inc. ("CGF"), by and through undersigned counsel, and complain of Defendants as follows:

## THE PARTIES

1.   Plaintiff Deanna Sykes is a natural person and a citizen of the United States and of the State of California, residing in Sacramento County, California. Plaintiff Sykes is a member of SAF and a supporter of and participant in CGF activities.

2.   Plaintiff Andrew Witham is a natural person and a citizen of the United States and of the State of California, residing in Sacramento County, California. Plaintiff Witham is a member of SAF and a supporter of and participant in CGF activities.

3. Plaintiff Adam Richards is a natural person and a citizen of the United States and of the State of California, residing in Yolo County, California. Plaintiff Richards is a member of SAF and a supporter of and participant in CGF activities.

4. Plaintiff Second Amendment Foundation, Inc. is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including California. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

5. Plaintiff The Calguns Foundation, Inc. is a non-profit organization incorporated under the laws of California with its principal place of business in Redwood City, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearm laws, rights and privileges, and defending and protecting the civil rights of California gun owners. CGF represents these members and supporters, which include California gun owners. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

6. Defendant County of Sacramento is a municipal entity organized under the Constitution and laws of the State of California.

7. Defendant John McGinness is the Sheriff of Sacramento County, and as such, he is responsible for formulating, executing and administering Sacramento County's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs. Defendant McGinness is sued in both his individual and official capacities.

8. Defendant County of Yolo is a municipal entity organized under the Constitution and laws of the State of California.

9. Defendant Ed Prieto is the Sheriff of the County of Yolo, and as such, he is responsible for formulating, executing and administering Yolo County's laws, customs,

practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs. Defendant Prieto is sued in both his individual and official capacities.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

11. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**STATEMENT OF FACTS**

*Background*

12. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

13. The Second Amendment is incorporated as against the states through the Fourteenth Amendment, such that Defendants cannot, under color of law, deprive Plaintiffs of their right to keep and bear arms.

14. The Second Amendment guarantees the right of law-abiding individuals to publicly carry operational handguns for self-defense.

15. States retain the ability to regulate the manner of carrying handguns, prohibit the carrying of handguns in specific, narrowly defined sensitive places, prohibit the carrying of arms that are not within the scope of Second Amendment protection, and disqualify specific, particularly dangerous individuals from carrying handguns.

16. States may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

17. Almost all states basically respect the Second Amendment rights to carry a handgun for self-defense, in that the right to carry a handgun is either unregulated, or regulated to

1 the extent that individuals passing a background check and completing a gun safety course are, as
2 a matter of course, licensed to carry handguns. In some of these states, a license to carry a
3 handgun is required only if the handgun is concealed.

4     18. California law generally bans the carrying of concealed firearms. California Penal
5 Code § 12025. With very few exceptions, California generally prohibits the open, public carrying
6 of loaded handguns for self-defense in incorporated cities and many unincorporated areas, Penal
7 Code § 12031.

8     19. California law allows the carrying of loaded handguns in public, for self-defense,
9 upon issuance of a permit to carry a concealed handgun or, in certain counties, a license to carry
10 an exposed handgun. Penal Code § 12050(a).

11     20. Applicants seeking a license to carry a handgun must pass a criminal background
12 check, Penal Code §12052, and successfully complete a course of training in the proper use of
13 handguns. Penal Code § 12050(a)(1)(E). Applications for a permit to carry a handgun are made
14 to the Sheriff of the county in which the applicant either resides or spends a substantial period of
15 time in owing to the applicant's principal place of employment or business being located in that
16 county. Alternatively, application may be made to the chief or other head of a municipal police
17 department of any city or city and county in which the applicant resides.

18     21. In addition to the successful completion of a background check and training, the
19 issuance of a permit to carry a handgun is left to the discretion of the issuing authority, based
20 upon that authority's determination of whether the applicant "is of good moral character, [and]
21 that good cause exists for the issuance" of the permit. Penal Code §§ 12050(a)(1)(A), (B). In
22 practice, the issuance of permits varies widely among California jurisdictions. Some issuing
23 authorities almost never issue handgun carry permits, others issue permits only occasionally, and
24 yet others liberally issue permits to most if not all law-abiding applicants.

25     *Violations of Plaintiffs' Right to Bear Arms*

26     22. Plaintiff Deanna Sykes, a lesbian, is concerned that her sexual orientation might
27 increase the odds that she would be targeted with criminal violence. The State of California has
28 recognized that violent crime directed at gay and lesbian people is a problem requiring specific

legislative attention. California Penal Code §§ 422.55(a)(6), 422.6 and California Civil Code § 51.7. Plaintiff Sykes is also a competitive shooter and firearm instructor, and thus frequently transports quantities of firearms and ammunition throughout the Sacramento area. As small-statured woman traveling alone with guns and ammunition, Plaintiff may be particularly vulnerable to criminal attack. Even apart from her sexual orientation and firearm-related activities, Plaintiff Sykes is not immune from the risk of criminal behavior. She seeks to exercise her Second Amendment right to carry a handgun for personal protection.

23. The Second Amendment right to carry a handgun, and the inherent right of self-defense and self-preservation it advances, are not considered by Defendant Sacramento County to constitute "good cause" for the issuance of a handgun carry permit.

24. Defendant Sheriff McGinness is continuing Sacramento County's "good cause" policy for denying applications for gun carry permits. On a public website maintained by Defendant Sacramento County, Defendant McGinness lays out his policy for determining applications to carry handguns. Defendant McGinness explains that "[t]he mere fear of victimization, or desire to carry a firearm, shall be insufficient" "good cause" to issue a gun carry permit. Defendant McGinnis also explains that "[w]hat may be good cause in one area of the county may not be in another area."

25. Pursuant to Defendant Sacramento County's "good cause" policy, Plaintiff Sykes was denied a permit to carry a handgun by Defendant McGinnis's predecessor, and it is obvious that re-submission of the same application to Defendant McGinnis would be a futile act.

26. But for the lack of a permit to carry a handgun, Plaintiff Sykes would carry an operational handgun in public for self-defense.

27. Plaintiff Andrew Witham emigrated to California from the United Kingdom on October 31, 1998, and became a naturalized American citizen on January 22, 2003. In the United Kingdom, Plaintiff Witham served nearly sixteen years as a British Reserve Sworn police officer (Special Constable), earning the Queen's Medal for Long Service and Good Conduct.

28. Between 2000 and 2004, Plaintiff Witham served as a non-sworn Community Service Officer with the Redding Police Department, earning the annual Merit Award in 2001.

29. On December 10, 2006, Plaintiff Witham completed the basic course required to obtain a handgun carry permit in Shasta County, as well as the course of training required to obtain a permit to carry an exposed firearm from the California Bureau of Security and Investigative Services. Since then, Plaintiff Witham has re-qualified four times for the exposed handgun permit, which he currently possesses, along with a Private Investigator license.

30. Plaintiff Witham's Private Investigator license, in conjunction with his Exposed Firearm Permit, allows him to carry an exposed, loaded handgun in California but only while he is engaged in the course and scope of his work as a private investigator.

31. Since January 2, 2008, Plaintiff Witham has been employed as a Public Safety Officer at McGeorge School of Law, University of the Pacific. The position is that of a uniformed, non-sworn law enforcement officer on the campus of a private university. Plaintiff Witham works late night and early morning shifts, requiring him to travel to and from work through some of Sacramento's most crime-plagued areas..

32. In 2005, while employed as Security and Surveillance Manager for an Indian casino in Shasta County, Plaintiff Witham reported several tribal members embezzling from the casino. Owing to this incident, Plaintiff Witham received death threats and various other threats of violence and intimidation, including the leaving of dead animals in his driveway. The Sheriff of Shasta County issued Plaintiff Witham a license to carry a handgun in January, 2007, which was to last for two years.

33. On or about July, 2007, Plaintiff Witham relocated from Shasta to the City of Fairfield, in Solano County. As required by law, Plaintiff Witham notified the Sheriff of Shasta County of this move.

34. On or about July, 2008, Plaintiff Witham relocated from Solano County to Sacramento County, and again notified the Sheriff of Shasta County of this move. Within days, Plaintiff Witham's permit to carry a handgun was revoked. Plaintiff Witham has reason to believe this was done at the request of Defendant McGinness, pursuant to the custom, policy, or practice of Defendant Sacramento County.

///

35. Plaintiff Witham contacted Defendant McGinness's office to inquire about the revocation of his permit to carry a handgun, and was advised that a permit would have to be issued by Defendant McGinness. Plaintiff Witham was further advised that application for a permit to carry a handgun could not be made by individuals residing in Sacramento County for less than 12 months, in the absence of a letter attesting to the applicant's good character from the issuing authority of the applicant's previous gun permit.

36. Plaintiff was advised that as a matter of policy, the Sheriff of Shasta County does not issue letters of the sort required by Defendant McGinness.

37. Although Defendant McGinness does not require that handgun carry permit applicants complete the required training prior to making their applications, Plaintiff Witham was certified on December 16, 2008, in 24 hours POST PC 832 Firearms Familiarization at the Sacramento Regional Public Safety Training Center, an approved course for issuance of a handgun carry permit in Sacramento County.

38. However, owing to the fact that Plaintiff Witham has not been a resident of Sacramento County for over 12 months, Defendant McGinness refuses to even provide Plaintiff Witham with the form for applying for a handgun carry permit.

39. But for the lack of a permit to carry a handgun, Plaintiff Witham would carry an operational handgun in public for self-defense.

40. In March, 2009, Plaintiff Adam Richards, a law-abiding citizen who wishes to exercise his right to bear arms, contacted Defendant Prieto's office to inquire about the process for obtaining a permit to carry a handgun. Defendant Prieto's office advised Plaintiff Richards that the desire to have a gun available for self-defense would not constitute "good cause" for the issuance of the permit, and that his application would be a futile act. Defendant Prieto's written policy regarding the issuance of gun carry permits includes among "examples of invalid reasons to request a permit" "self-protection and protection of family (without credible threats of violence)." Plaintiff Richards was further advised that as a matter of policy, his application would not be considered unless he first applied to the Chief of Police in the City of Davis, where Plaintiff Richards resides.

41. Plaintiff Richards subsequently applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On April 1, 2009, Police Chief Black denied Plaintiff Richards' application for a permit to carry a handgun, stating in writing:

> An evaluation and comparison of our current services to available resources has forced us to discontinue processing and issuing CCW (Carry Concealed Weapon) licenses. I apologize for the inconvenience this action will cause you.

Chief Black suggested Plaintiff Richards apply to Defendant Prieto for a permit.

42. But for the lack of a permit to carry a handgun, Plaintiff Richards would carry an operational handgun in public for self-defense.

**FIRST CLAIM FOR RELIEF**
**U.S. CONST., AMEND. II, 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

43. Paragraphs 1 through 42 are incorporated as though fully stated herein.

44. Plaintiffs are law abiding individuals, competent in the safe handling and operation of handguns. Accordingly, there exists no reason to deny Plaintiffs permits to carry a handgun under California Penal Code § 12050.

45. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiffs of permits to carry handguns, including but not limited to requiring subjective "good cause" beyond the interest in self-defense and conditioning the consideration of a handgun carry permit application on a durational residency requirement, Defendants are propagating customs, policies, and practices that violate the Second and Fourteenth Amendments to the United States Constitution, damaging Plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

**SECOND CLAIM FOR RELIEF**
**U.S. CONST., AMEND. XIV – EQUAL PROTECTION, 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

46. Paragraphs 1 through 45 are incorporated as though fully stated herein.

47. By maintaining and enforcing a set of customs, practices, and policies arbitrarily denying Plaintiffs permits to carry handguns based on a subjective determination of their "good cause" for the permit and their length of residence in the county, Defendants are propagating customs, policies, and practices that violate Plaintiffs' rights to equal protection of the laws under

the Fourteenth Amendment to the United States Constitution, damaging Plaintiffs in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

**THIRD CLAIM FOR RELIEF**
**U.S. CONST., AMEND. XIV – DUE PROCESS, 42 U.S.C. § 1983**
**AGAINST DEFENDANTS MCGINNESS AND SACRAMENTO COUNTY**

48. Paragraphs 1 through 47 are incorporated as though fully stated herein.

49. Plaintiff Witham had a cognizable property interest in his permit to carry a handgun, the revocation of which was caused by Defendants McGinness and Sacramento County without sufficient due process. Defendants are propagating customs, policies, and practices that violate Plaintiff Witham's right to due process under the Fourteenth Amendment to the United States Constitution, damaging Plaintiff in violation of 42 U.S.C. § 1983.  Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

**FOURTH CLAIM FOR RELIEF**
**U.S. CONST., AMEND. XIV – RIGHT TO TRAVEL, 42 U.S.C. § 1983**
**AGAINST DEFENDANTS MCGINNESS AND SACRAMENTO COUNTY**

50. Paragraphs 1 through 49 are incorporated as though fully stated herein.

51. The Fourteenth Amendment guarantees individuals the right to interstate and intrastate travel.

52. By demanding that individuals reside in Sacramento County for a year before allowing them to apply for a permit to carry a handgun, Defendants McGinness and Sacramento County are propagating customs, policies, and practices that violate Plaintiffs' right to travel under the Fourteenth Amendment to the United States Constitution, damaging Plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice

1 of the injunction, from enforcing the "good moral character" and "good cause" requirements of California Penal Code § 12050 against handgun carry permit applicants who seek the permit for self-defense and are otherwise qualified to obtain a handgun carry permit under that section;

2. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from requiring any duration of local residence prior to accepting an application under California Penal Code § 12050;

3. Declaratory relief that the "good moral character" and "good cause" provisions of California Penal Code § 12050 are unconstitutional either on their face and/or as applied to bar applicants who are otherwise legally qualified to possess firearms and who assert self-defense as their "good cause" for seeking a handgun carry permit;

4. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

5. Any other further relief as the Court deems just and appropriate.

Dated: May 7, 2009                                    Respectfully submitted,

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)       Alan Gura (Calif. Bar No. 178221)
Law Offices of Donald Kilmer, A.P.C.                  Gura & Possessky, PLLC
1645 Willow Street, Suite 150                         101 N. Columbus St., Suite 405
San Jose, CA 95125                                    Alexandria, VA 22314
408.264.8489/Fax 408.264.8487                         703.835.9085/Fax 703.997.7665
E-Mail: Don@DKLawOffice.com

                                          By: _____
                                              Alan Gura

                                          Attorneys for Plaintiffs