John A. Lavra, SBN 114533
Jeri L. Pappone, SBN 210104
Amanda L. Butts, SBN 253651
Longyear, O'Dea and Lavra, LLP
3620 American River Drive, Suite 230
Sacramento, Ca. 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for COUNTY OF SACRAMENTO
JOHN MCGINNESS

UNITED STATES DISTRICT COURT  EASTERN DISTRICT

OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| DEANNA SYKES, ANDREW WITHAM, ADAM RICHARDS, SECOND AMENDMENT FOUNDATION, INC., AND THE CALGUNS FOUNDATION, INC. <br><br> Plaintiffs <br><br> v. <br><br> JOHN MCGINNESS, COUNTY OF SACRAMENTO, ED PRIETO, AND COUNTY OF YOLO <br><br> Defendants. | **CASE NO.**  2:09-cv-01235-MCE-KJM <br><br> **ANSWER TO COMPLAINT BY JOHN McGINNESS** <br><br> DEMAND FOR JURY TRIAL |

COMES NOW DEFENDANT, JOHN McGINNESS, individually and in his official capacity as SHERIFF OF COUNTY OF SACRAMENTO, and in answer to Plaintiffs' First Amended Complaint admits, denies and alleges as follows:

1. In answering paragraph 1, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

2. In answering paragraph 2 of Plaintiffs' First Amended Complaint, Defendant

**ANSWER TO COMPLAINT BY JOHN McGINNESS**

PAGE    1

lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

3.  In answering paragraph 3 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

4.  In answering paragraph 4 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

5.  In answering paragraph 5 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

6.  In answering paragraph 6 of Plaintiffs' First Amended Complaint, Defendant admits.

7.  In answering paragraph 7 of Plaintiffs' First Amended First Amended Complaint, Defendant admits that he is currently the Sheriff of Sacramento County, and denies all other allegations contained therein.

8.  In answering paragraph 8 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

9.  In answering paragraph 9 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

10. In answering paragraph 10 of Plaintiffs' First Amended Complaint, Defendant admits to jurisdiction of this Court.

11.     In answering paragraph 11 of Plaintiffs' First Amended Complaint, Defendant admits to Venue in this Court.

12.     In answering paragraph 12 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, and which purport to be legal conclusions, which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8.  Therefore, Defendant denies such statements.

13.     In answering paragraph 13 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8.  Therefore, Defendant denies such statements.

14.     In answering paragraph 14 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8.  Therefore, Defendant denies such statements.

15.     In answering paragraph 15 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

16.     In answering paragraph 16 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8.  Therefore, Defendant denies such statements.

17.     In answering

paragraph 17 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

18. In answering paragraph 18 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

19. In answering paragraph 19 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

20. In answering paragraph 20 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

21. In answering paragraph 21 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

22. In answering paragraph 22 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and

based thereon denies all allegations contained therein.

23. In answering paragraph 23 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements which are not factual allegations, which purport to be legal conclusions, and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

24. In answering paragraph 24 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

25. In answering paragraph 25 of Plaintiffs' First Amended Complaint, Defendant admits that Plaintiff Sykes' application for a CCW permit was denied, but denies all further allegations contained in this paragraph.

26. In answering paragraph 26 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

27. In answering paragraph 27 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

28. In answering paragraph 28 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

29. In answering paragraph 29 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and

based thereon denies all allegations contained therein.

30. In answering paragraph 30 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

31. In answering paragraph 31 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

32. In answering paragraph 32 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

33. In answering paragraph 33 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

34. In answering paragraph 34 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

35. In answering paragraph 35 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

36. In answering paragraph 36 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

37. In answering paragraph 37 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

based thereon denies all allegations contained therein.

38. In answering paragraph 38 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

39. In answering paragraph 39 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

40. In answering paragraph 40 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

41. In answering paragraph 41 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

42. In answering paragraph 42 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

43. In answering paragraph 43 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

44. In answering paragraph 44 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

45. In answering paragraph 45 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements and which do not constitute

a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

46. In answering paragraph 46 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

47. In answering paragraph 47 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

48. In answering paragraph 48 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

49. In answering paragraph 49 of Plaintiffs' First Amended Complaint, said paragraph contains argumentative, vague, and conclusory statements and which do not constitute a short plain statement of the claim as required by Federal Rule of Civil Procedure 8. Therefore, Defendant denies such statements.

50. In answering paragraph 50 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

51. In answering paragraph 51 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and based thereon denies all allegations contained therein.

52. In answering paragraph 52 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information or belief upon which to either admit or deny the allegations, and

based thereon denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, this answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint, and each and every claim therein, fails to state facts sufficient to constitute a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith without violating any known constitutional rights of Plaintiffs and Plaintiffs' Federal claims are barred by the qualified immunity of Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as Plaintiffs lack legal standing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the *doctrine of laches*.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to adequately state a claim for which injunctive relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused in whole or part by others and any alleged conduct of Defendant was not a legal or proximate cause of any of Plaintiffs' claimed injuries or damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

That Plaintiffs' own conduct estops Plaintiffs from claiming that defendant caused them harm and from claiming the damages alleged in the complaint.

**TENTH AFFIRMATIVE DEFENSE**

That some or all of Plaintiffs' claims are barred by estoppel and/or waiver occasioned by Plaintiffs' own conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

That Defendant is not vicariously liable for any act or omission of any other person, by way of respondeat superior or otherwise.

**TWELFTH AFFIRMATIVE DEFENSE**

That the complaint, and each claim for relief are uncertain.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At all times herein, Defendant had a good faith belief that his conduct did not violate any established state or federal statutory or constitutional right, and further acted in good faith, and Defendant is hereby immune from liability for the acts, omissions, and damages claimed by Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability by virtue of the provisions of Title I, Division 3.6 of the Government Code of the State of California, all as set forth in Government Code §§810, et seq., including, but not limited to, Government Code Sections 815.2, 818.8, 820.2, 820.4, 821.6 and 822.2.

**WHEREFORE**, Defendant prays for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing from their First Amended Complaint filed herein;

2. That attorneys' fees and costs be awarded to this answering Defendant; and;

3. For such other and further relief as this court may deem just and proper.

Dated: June 3, 2009       LONGYEAR, O'DEA & LAVRA, LLP

*/s/ Jeri L. Pappone*
By: _____
JOHN A. LAVRA
JERI L. PAPPONE
AMANDA L. BUTTS
Attorneys for County of Sacramento and John McGinness

## DEMAND FOR JURY TRIAL

DEFENDANT JOHN McGINNESS, hereby demands a trial by jury.

Dated: June 3, 2009       LONGYEAR, O'DEA & LAVRA, LLP

*/s/ Jeri L. Pappone*
By: _____
JOHN A. LAVRA
JERI L. PAPPONE
AMANDA L. BUTTS
Attorneys for County of Sacramento and John McGinness

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**PROOF OF SERVICE**

**CASE NAME: Sykes et al. vs. County of Sacramento et al.**
**CASE NO.:** 2:09-cv-01235-MCE-KJM

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 3620 American River Dr. Suite 230, Sacramento, CA 95864.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On, JUNE 3, 2009, I served the following:

ANSWER TO COMPLAINT BY JOHN McGINNESS

__ United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

__ By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

__ Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

| | |
|---|---|
| Alan Gura | Donald E. J. Kilmer , Jr. |
| Gura & Possessky | Law Offices Of Donald Kilmer, APC |
| 101 N. Columbus Street | 1645 Willow Street, Suite 150 |
| Suite 405 | San Jose , CA 95125 |
| Alexandria , VA 22301 | |

X   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on, June 3, 2009, at Sacramento, California.

*/s/ Lorie Dawn Wharton*
Lorie Dawn Wharton

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510