J. SCOTT SMITH, ESQ., SBN 151163
**ANGELO, KILDAY & KILDUFF**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants
YOLO COUNTY and SHERIFF ED PRIETO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEANNA SYKES, et al.<br><br>             Plaintiff,<br><br>vs.<br><br>JOHN MCGINNESS, et al.,<br><br>             Defendants. | Case No.: 2:09-CV-01235-MCE-KJM<br><br>**DEFENDANT YOLO COUNTY AND SHERIFF ED PRIETO'S ANSWER TO FIRST AMENDED COMPLAINT** |

COMES NOW, Defendants Ed Prieto and the County of Yolo to hereby answer the First Amended Complaint as follows:

**I. ANSWER**

1. These answering Defendants lack sufficient information upon which to admit or deny the allegations contained in paragraphs 1, 2, 3, 4, and 5 of the First Amended Complaint, and on that basis, those allegations are hereby denied.

2. These answering Defendants admit the allegations contained in paragraph 6 of the First Amended Complaint.

3. These answering Defendants admit the allegation in paragraph 7 that Defendant John McGinness is Sheriff of the County of Sacramento; however, these answering Defendants lack sufficient information upon which to admit or deny the remaining allegations contained in

1  paragraph 7, and on that basis, those allegations are denied.

2      4.    These answering Defendants admit the allegations contained in paragraph 8 of the
3  First Amended Complaint.

4      5.    These answering Defendants admit the allegation in paragraph 9 of the First
5  Amended Complaint that Defendant Ed Prieto is the elected Sheriff for the County of Yolo.
6  However, these answering Defendants deny the remaining allegations contained in paragraph 9
7  that as the elected Sheriff, Defendant Prieto is responsible for "formulating" or executing and
8  administrating, all of Yolo County's laws, customs, practices or policies.

9      6.    Plaintiffs lack standing and therefore these answering Defendants deny that
10 subject matter jurisdiction is proper as Plaintiffs allege in paragraph 10 of the First Amended
11 Complaint.

12     7.    These answering Defendants admit that if subject matter jurisdiction exists, venue
13 would be proper in this Court as alleged in paragraph 11 of the First Amended Complaint.

14     8.    Paragraphs 12, 13, 14, 15, and 16 of the First Amended Complaint do not state
15 factual allegations which are subject to admission or denial. These paragraphs contain
16 exclusively legal arguments. These answering Defendants deny those arguments.

17     9.    These answering Defendants lack sufficient information to admit or deny the
18 allegations contained in paragraph 17 of the First Amended Complaint, and on that basis, those
19 allegations are hereby denied.

20     10.    Paragraphs 18, 19, 20, and 21 state only legal conclusions and do not allege any
21 facts as they simply purport to interpret the meaning and effect of California Penal Code sections
22 regarding firearm carrying permits. To the extent that there are allegations concerning how some
23 municipalities interpret those laws, these answering Defendants lack sufficient information or
24 belief to admit or deny such allegations, and on that basis, those allegations are denied.

25     11.    These answering Defendants lack sufficient information upon which to admit or
26 deny the allegations contained in paragraph 22 of the First Amended Complaint, and on that
27 basis, those allegations are denied.

28     12.    Paragraph 23 of the First Amended Complaint states a legal conclusion which is

not subject to admission or denial. To the extent that there are any factual allegations embodied in paragraph 23, these answering Defendants lack sufficient information upon which to admit or deny those allegations, and they are hereby denied.

13. These answering Defendants lack sufficient information upon which to admit or deny the allegations contained in paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 of the First Amended Complaint, and on that basis, those allegations are hereby denied.

14. These answering Defendants lack sufficient information or belief upon which to admit or deny the allegations contained in paragraphs 40, 41, and 42 of the First Amended Complaint, and on that basis, those allegations are hereby denied.

15. These answering Defendants deny the allegations contained in paragraphs 44, 45, 47, and 49 of the First Amended Complaint, and on that basis, those allegations are hereby denied.

16. Paragraph 51 of the First Amended Complaint states a legal conclusion not subject to admission or denial.

17. These answering Defendants lack sufficient information or belief upon which to admit or deny the allegations contained in paragraph 52 of the First Amended Complaint, and on that basis, those allegations are hereby denied.

## II. AFFIRMATIVE DEFENSES

As and for separate and distinct affirmative defenses, these answering Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Sufficient Facts to Constitute a Claim)**

Plaintiffs' First Amended Complaint fails to state sufficient facts upon which a claim for declaratory, injunctive, or other relief may be stated as against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

As and for a separate and distinct affirmative defense, these answering Defendants allege that this Court is without jurisdiction pursuant to Article III of the United States Constitution in

that Plaintiffs do not have standing to prosecute an actual case of controversy against these answering Defendants, and that the Plaintiffs are further barred under prudential standing principles from prosecuting this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

**(Ripeness)**

As and for a separate and distinct affirmative defense, these answering Defendants allege that none of the claims are ripe for adjudication as against these answering Defendants as no named Plaintiff, or any member of the organization Plaintiffs, has applied for and been denied a weapons carrying permit by these answering Defendants.

WHEREFORE, these answering Defendants pray relief as follows:

1. That judgment be entered in their favor, and that the action be dismissed with prejudice;

2. That no injunctive, declaratory, or other relief be entered in favor of Plaintiffs as against these answering Defendants;

3. For costs of suit, including reasonable attorneys' fees; and

4. For such further relief as the Court may deem just and proper.

Dated: June 26, 2009                     ANGELO, KILDAY & KILDUFF

*/s/ J. Scott Smith*
By:_____
     J. SCOTT SMITH
     Attorneys for Defendants YOLO
     COUNTY and SHERIFF ED PRIETO