Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Deanna Sykes, et al., | ) Case No. 2:09-CV-01235-MCE-KJM |
|---|---|
| Plaintiffs, | ) **PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| John M. Ginness, et al., | |
| Defendants. | ) **Fed. R. Civ. Proc. 56**<br>) **Local Rule 56-260** |

As require by Local Rule 56-260, Plaintiffs contend there is no genuine issue about the following material facts:

| **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|
| 1. California law generally prohibits the open carrying of loaded, functioning firearms in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. | Cal. Penal Code § 12031 *et seq.* |
| 2. California law generally prohibits the carrying of concealed functional handguns without a license. | Cal. Penal Code § 12025 *et seq.* |
| 3. The licensing requirement under Cal. Penal Code § 12050 is the only legal option available to the majority of citizens who wish to carry firearms for self defense. | Cal. Penal Code §§ 12025 (banning unlicensed concealed carry)<br>Cal. Penal Code § 12031 (banning unlicensed open carry of functional firearms)<br>Cal. Penal Code § 12050 (restricting open carry licenses to counties with fewer than 200,000 inhabitants) |

| | Undisputed Fact | Support for Undisputed Fact |
|---|---|---|
| 4. | Applicants seeking a license to carry a handgun must pass a criminal background check. | Cal. Penal Code § 12052 et seq. |
| 5. | Applicants seeking a license to carry a handgun must complete a course of training in the proper use of handguns. | Cal. Penal Code § 12050(a)(1)(E). |
| 6. | An application for a license to carry a handgun is made to the Sheriff of the county in which the applicant resides or where the applicant spends a substantial period of time at a principal place of business and/or employment. | Cal. Penal Code §§ 12050(a)(1)(A), 12050(a)(1)(D)(i) and 12050(a)(1)(D)(ii). |
| 7. | An application for a license to carry a handgun may also be made to the Chief or other head of a municipal police department, within a county in which the applicant resides or where the applicant spends a substantial period of time at a principal place of business and/or employment. | Cal. Penal Code §§ 12050(a)(1)(B), 12050(a)(1)(D)(i) and 12050(a)(1)(D)(ii). |
| 8. | A county sheriff and/or the chief of a municipal police department has discretion to determine whether an applicant "is of good moral character, [and] that good cause exists for the issuance" of a license to carry a handgun. | Cal. Penal Code §§ 12050(a)(1)(A) and 12050(a)(1)(B) |
| 9. | A county sheriff and/or the chief of a municipal police department is required to publish and make available a written policy summarizing the provisions of subparagraphs (A) and (B) of paragraph (1) of subdivision (a) of Section 12050. | Cal. Penal Code § 12050.2. |
| 10. | Defendant John McGinness is the Sheriff of Sacramento County. | ¶ 7 of *Answer to Complaint by John McGinness*. Document #12, filed 06/03/2009. |
| 11. | Defendant Ed Prieto is the Sheriff of Yolo County. | ¶ 5 of *Defendant Yolo County and Sheriff Ed Prieto's Answer to First Amended Complaint*. Document #16, filed 07/15/2009. |
| 12. | Under California law, Sheriff John McGinness has the authority to issue licenses to carry concealed handguns. | Cal. Penal Code §§ 12050(a)(1)(A). |
| 13. | Under California law, Sheriff Ed Prieto has the authority to issue licenses to carry concealed handguns. | Cal. Penal Code §§ 12050(a)(1)(A). |

| **Undisputed Fact** | | **Support for Undisputed Fact** |
|---|---|---|
| 14. | On a public website maintained by Defendant Sacramento County, Defendant McGinness lays out his policy for determining applications to carry handguns, which explains, "[t]he mere fear of victimization, or desire to carry a firearm, shall be insufficient" "good cause" to issue a gun carry permit. | Exhibit A at 3.<br><br>http://www.sacsheriff.com/forms/documents/ccw_policy.pdf (last visited July 22, 2009) |
| 15. | Defendant John McGinness's handgun carry policy further provides: "[w]hat may be good cause in one area of the county may not be in another area." | Exhibit A at 1 n.2.<br><br>http://www.sacsheriff.com/forms/documents/ccw_policy.pdf (last visited July 22, 2009) |
| 16. | Defendant John McGinness's handgun carry policy further provides that an applicant must have a minimum one year residency in Sacramento County at the time of an application for a handgun carry permit. | Exhibit A at 1.<br><br>http://www.sacsheriff.com/forms/documents/ccw_policy.pdf (last visited July 22, 2009) |
| 17. | Recently, Defendant John McGinness, made a public announcement that, owing to budget cuts and the requirement that he lay off deputies, that he would adopt a more permissive policy toward issuing licenses to carry handguns. | Interview of Sheriff John McGinness. http://hoguenews.com/?p=904 (last visited July 30, 2009) |
| 18. | Defendant McGinness stated: "If we wind up with six patrol cars patrolling the entire county of Sacramento, I have no choice but to make some changes in terms of the issuances of concealed weapons permits." | Interview of Sheriff John McGinness. http://hoguenews.com/wp-content/uploads//2009/06/mcginnis_bite_1.MP3 (last visited July 30, 2009) |
| 19. | Defendant McGinness stated: "In this scenario where we can not begin to assure people any element of safety, I think I have to make a change and would frankly probably collapse that committee [that screens handgun carry permit applications] and take on myself to issue those permits based on a person's need to protect themselves." | Interview of Sheriff John McGinness. http://hoguenews.com/wp-content/uploads//2009/06/mcginnis_bite_2.MP3 (last visited July 30, 2009) |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 20. | Defendant Ed Prieto, as the Sheriff of Yolo County, has a written policy stating that "examples of invalid reasons to request a permit [are] self-protection and protection of family (without credible threats of violence.)" | Exhibit B. Exhibit B is a copy of the Yolo County Sheriff's Department's Concealed Weapon License Policy. The document is an 8 page fax from Yolo County Sheriff's Office to Adam Richards. [Note: As this filing is a public record, Mr. Richard's phone number has been redacted from the fax cover sheet.] |
| 21. | Plaintiff Deanna Sykes is a law abiding resident of Sacramento County. | *Declaration of Plaintiff Deanna Sykes*, ¶ 1. |
| 22. | Plaintiff Andrew Witham is a law abiding resident of Sacramento County. | *Declaration of Plaintiff Andrew Witham*, ¶ 1. |
| 23. | Plaintiff Adam Richards is a law abiding resident of Yolo County. | *Declaration of Plaintiff Adam Richards*, ¶ 1. |
| 24. | Plaintiffs Deanna Sykes, Andrew Witham and Adam Richards are all authorized and qualified under Federal and State law to purchase and possess firearms. | *Declaration of Plaintiff Deanna Sykes,* ¶ 2. *Declaration of Plaintiff Andrew Witham,* ¶ 2. *Declaration of Plaintiff Adam Richards,* ¶ 2. |
| 25. | Plaintiff Sykes seeks to exercise her Second Amendment right to carry a handgun for personal protection. | *Declaration of Plaintiff Deanna Sykes*, ¶ 3. |
| 26. | Plaintiff Sykes fears victimization, and desires to carry a firearm, but has not been specifically threatened nor has she been previously victimized by violent crime. | *Declaration of Plaintiff Deanna Sykes*, ¶ 4. |
| 27. | Plaintiff Sykes applied for a handgun carry permit from Defendant McGinness's predecessor in Sacramento County but her request was denied. | *Declaration of Plaintiff Deanna Sykes*, ¶ 5. |
| 28. | Plaintiff Sykes has read the written policy of Defendant McGinness that "[t]he mere fear of victimization, or desire to carry a firearm, shall be insufficient" "good cause" to issue a gun carry permit and thus understands that she lacks "good cause" to obtain a permit as that term is defined and implemented by Defendants McGinness and Sacramento County. | *Declaration of Plaintiff Deanna Sykes*, ¶ 6. |

| **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|
| 29. Plaintiff Sykes fears arrest, prosecution, fine and imprisonment if she were to carry a handgun without a handgun carry permit. But for the lack of a handgun carry permit and fear of prosecution, Plaintiff Sykes would carry a handgun in public for self-defense. | *Declaration of Plaintiff Deanna Sykes*, ¶ 7. |
| 30. On December 10, 2006, Plaintiff Witham completed the basic course required to obtain a handgun carry permit in Shasta County, as well as the course of training required to obtain a permit to carry an exposed firearm from the California Bureau of Security and Investigative Services. | *Declaration of Plaintiff Andrew Witham*, ¶ 3. |
| 31. Plaintiff Witham has re-qualified four times for the exposed handgun permit, which he currently possesses, along with a Private Investigator license. | *Declaration of Plaintiff Andrew Witham*, ¶ 4. |
| 32. Plaintiff Witham's Private Investigator license, in conjunction with his Exposed Firearm Permit, allows him to carry an exposed, loaded handgun in California but only while he is engaged in the course and scope of his work as a private investigator. | *Declaration of Plaintiff Andrew Witham*, ¶ 5. |
| 33. In January, 2007, the Sheriff of Shasta County, where Plaintiff Witham lived and worked, issued Witham a two-year permit to carry a handgun. | *Declaration of Plaintiff Andrew Witham*, ¶ 6. |
| 34. On or about July, 2007, Plaintiff Witham relocated from Shasta to the City of Fairfield, in Solano County. As required by law, Witham notified the Sheriff of Shasta County of this move. | *Declaration of Plaintiff Andrew Witham*, ¶ 7. |
| 35. On or about July, 2008, Plaintiff Witham relocated from Solano County to Sacramento County, and again notified the Sheriff of Shasta County of this move. Within days, Plaintiff Witham's permit to carry a handgun was revoked. | *Declaration of Plaintiff Andrew Witham*, ¶ 8. |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 36. | Plaintiff Witham contacted Defendant McGinness's office to inquire about the revocation of his permit to carry a handgun, and was advised that a handgun carry permit would have to be issued by Defendant McGinness. | *Declaration of Plaintiff Andrew Witham*, ¶ 9. |
| 37. | Plaintiff Witham was further advised that application for a handgun carry permit could not be made by individuals residing in Sacramento County for less than 12 months, in the absence of a letter attesting to the applicant's good character from the issuing authority of the applicant's previous gun permit. | *Declaration of Plaintiff Andrew Witham*, ¶ 10. |
| 38. | As Plaintiff Witham had no such letter, he was refused an application form for a handgun carry permit. | *Declaration of Plaintiff Andrew Witham*, ¶ 11. |
| 39. | Plaintiff Witham was advised that as a matter of policy, the Sheriff of Shasta County does not issue good character letters of the sort required by Defendant McGinness. | *Declaration of Plaintiff Andrew Witham*, ¶ 12. |
| 40. | Although Defendant McGinness does not require that handgun permit applications complete the required training prior to making their applications, Plaintiff Witham was certified on December 16, 2008, in 24 hours of POST PC 832 Firearms Familiarization at the Sacramento Regional Public Safety Training Center. The course is approved for issuance of a handgun carry permit in Sacramento County. | *Declaration of Plaintiff Andrew Witham*, ¶ 13. |
| 41. | Plaintiff Witham seeks to exercise his Second Amendment right to carry a handgun for personal protection. | *Declaration of Plaintiff Andrew Witham*, ¶ 14. |
| 42. | Plaintiff Witham fears victimization, and desires to carry a firearm, but has not previously been victimized by violent crime. Although Witham was previously threatened, the threats subsided after he left Shasta County. Witham is unaware of any current, specific threats against him. | *Declaration of Plaintiff Andrew Witham*, ¶ 15. |

| **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|
| 43. Plaintiff Witham has read Defendant McGinness's written policy that "[t]he mere fear of victimization, or desire to carry a firearm, shall be insufficient" "good cause" to issue a gun carry permit" and thus understands that he lacks "good cause" to obtain a permit as that term is defined and implemented by Defendants McGinness and Sacramento County. | *Declaration of Plaintiff Andrew Witham*, ¶ 16. |
| 44. Plaintiff Witham fears arrest, prosecution, fine and imprisonment if he were to carry a concealed handgun without a permit. But for the lack of handgun carry permit and fear of prosecution, Plaintiff Witham would carry a concealed handgun in public for self-defense. | *Declaration of Plaintiff Andrew Witham*, ¶ 17. |
| 45. In March, 2009, Plaintiff Adam Richards contacted Defendant Prieto's office to inquire about the process for obtaining a permit to carry a handgun. Defendant Prieto's office advised Plaintiff Richards that the desire to have a gun available for self-defense would not constitute "good cause" for the issuance of the permit, and that he should not apply because doing so would be a futile act. | *Declaration of Plaintiff Adam Richards*, ¶ 3. |
| 46. Plaintiff Richards was further advised that as a matter of policy, his application would also not be considered unless he first applied to the Chief of Police in the City of Davis, where he resides. | *Declaration of Plaintiff Adam Richards*, ¶ 4. |
| 47. Plaintiff Richards subsequently applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On April 1, 2009, Police Chief Black denied Plaintiff Richards' application for a handgun carry permit, stating that for budgetary reasons his department no longer processes handgun carry permit applications, and suggested that Richards seek a permit from Sheriff Prieto. | *Declaration of Plaintiff Adam Richards*, ¶ 5. |
| 48. Plaintiff Richards seeks to exercise his Second Amendment right to carry a handgun for personal protection. | *Declaration of Plaintiff Adam Richards*, ¶ 6. |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 49. | Plaintiff Richards seeks a handgun carry permit so that might protect himself and his family. However, Richards has received not threats of violence and is unaware of any specific threat to him or his family. | *Declaration of Plaintiff Adam Richards*, ¶ 7. |
| 50. | Plaintiff Richards has read Defendant Prieto's written policy declaring that "self-protection and protection of family (without credible threats of violence)" is among "examples of invalid reasons to request a permit," which is perfectly consistent with his experience in seeking to obtain a handgun carry permit. | *Declaration of Plaintiff Adam Richards*, ¶ 8. |
| 51. | Plaintiff Richards thus understands that he lacks "good cause" to obtain a permit as that term is defined and implemented by Defendants Prieto and Yolo County. | *Declaration of Plaintiff Adam Richards*, ¶ 9. |
| 52. | Plaintiff Richards fears arrest, prosecution, fines and imprisonment were he to carry a handgun without a permit. But for the lack of a handgun permit and fear of prosecution, Richards would carry a handgun in public for self-defense. | *Declaration of Plaintiff Adam Richards*, ¶ 10. |
| 53. | Plaintiff Second Amendment Foundation, Inc. (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. | *Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc.* ¶ 1. |
| 54. | SAF has over 650,000 members and supporters nationwide, including California. | *Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc.* ¶ 2. |
| 55. | The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. | *Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc.* ¶ 3. |
| 56. | Plaintiff The Calguns Foundation, Inc. (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in Redwood City, California. | *Declaration of Gene Hoffman, Jr., Chairman of The Calguns Foundation, Inc.* ¶ 1. |

| **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|
| 57. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearm laws, rights and privileges, and defending and protecting the civil rights of California gun owners, who are among its members and supporters. | *Declaration of Gene Hoffman, Jr., Chairman of The Calguns Foundation, Inc.* ¶ 2. |
| 58. SAF and CGF promote the exercise of Second Amendment rights. | *Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc.* ¶ 6.<br><br>*Declaration of Gene Hoffman, Jr., Chairman of The Calguns Foundation, Inc.* ¶ 5. |
| 59. SAF and CGF expend their resources advising and educating their members, supporters, and the general public about the varying policies with respect to the public carrying of handguns in California, including in Sacramento and Yolo Counties. The issues raised by, and consequences of, Defendants' policies, are of great interest to SAF and CGF members. Defendants' policies regularly cause the expenditure of resources by SAF and CGF as people turn to these organizations for advice and information. | *Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc.* ¶ 4.<br><br>*Declaration of Gene Hoffman, Jr., Chairman of The Calguns Foundation, Inc.* ¶ 3. |
| 60. The policies of the Defendants bar the members and supporters of SAF and CGF from obtaining permits to carry handguns in public. | *Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc.* ¶ 5.<br><br>*Declaration of Gene Hoffman, Jr., Chairman of The Calguns Foundation, Inc.* ¶ 4. |

Respectfully Submitted, August 6, 2009

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)  
Law Offices of Donald Kilmer, A.P.C.  
1645 Willow Street, Suite 150  
San Jose, CA 95125  
408.264.8489/Fax 408.264.8487  
E-Mail: Don@DKLawOffice.com

/s/ Donald Kilmer/  
Donald Kilmer, Attorney for Plaintiffs

Alan Gura (Calif. Bar No. 178221)  
Gura & Possessky, PLLC  
101 N. Columbus St., Suite 405  
Alexandria, VA 22314  
703.835.9085/Fax 703.997.7665

/s/ Alan Gura/  
Alan Gura, Attorney for Plaintiffs