John A. Lavra, SBN 114533
Jeri L. Pappone, SBN 210104
Amanda L. Butts, SBN 253651
Longyear, O'Dea and Lavra, LLP
3620 American River Drive, Suite 230
Sacramento, Ca. 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for COUNTY OF SACRAMENTO
JOHN MCGINNESS

UNITED STATES DISTRICT COURT  EASTERN DISTRICT

OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| DEANNA SYKES, ANDREW WITHAM, ADAM RICHARDS, SECOND AMENDMENT FOUNDATION, INC., AND THE CALGUNS FOUNDATION, INC.<br><br>Plaintiffs<br><br>v.<br><br>JOHN MCGINNESS, COUNTY OF SACRAMENTO, ED PRIETO, AND COUNTY OF YOLO<br><br>Defendants. | CASE NO.  2:09-cv-01235-MCE-KJM<br><br>**Date: September 24, 2009**<br>**Time:  2:00 p.m.**<br>**Ctrm: 7**<br>**Judge: Morrison C. England, Jr.**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT JOHN McGINNESS AND COUNTY OF SACRAMENTO'S MOTION TO CONTINUE OR SUSPEND HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br>FRCP 56(f) |

Defendants John McGinness and County of Sacramento (hereinafter "Sacramento Defendants") hereby move for an order continuing or suspending the currently scheduled hearing date on Plaintiffs' Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(f). Defendants cannot properly respond to Plaintiffs' motion for summary judgment by affidavits regarding facts essential to justify Defendants' opposition, and require time to conduct discovery in order to do so.

Rule 56(f) provides that if discovery is needed in order to oppose a motion for summary judgment, the opposing party may move for an order continuing the hearing on the motion in order to obtain needed discovery.

Defendants answered Plaintiffs' complaint on June 2, 2009; a joint status report by Sacramento Defendants and Plaintiffs was filed on July 8, 2009; Plaintiffs provided Rule 26 initial disclosures on July 10, 2009; Yolo County Defendants answered on July 17, 2009; Sacramento County Defendants provided Rule 26 initial disclosures on August 4, 2009; Yolo County defendants have not yet provided their Rule 26 initial disclosures.

Plaintiffs filed their motion for summary judgment on August 6, 2009, for hearing on September 24, 2009.  The Court issued a PreTrial Scheduling Order on August 18, 2009, to which Sacramento County Defendants objected on August 20, 2009.

Defendants have not had the opportunity to conduct any discovery in this case.  Plaintiffs contend that their motion for summary judgment is based upon law only and not factual issues can or should be disputed or are disputable.  However, Sacramento Defendants, after reviewing Plaintiffs' motion and the statement of undisputed facts and evidence submitted therewith, determine that discovery is necessary to determine the standing of the individual plaintiffs as well as the organizational plaintiffs to bring this lawsuit against Sacramento County.

Defense counsel has meet and conferred with Plaintiffs' counsel, Alan Gura, regarding the potential of postponing this motion in order that Sacramento Defendants could take the depositions of the individual plaintiffs and the principals of the group plaintiffs to determine standing issues.  Plaintiffs' counsel was reluctant to agree to a continuance of the hearing date and contends that depositions are not necessary in this case.

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT JOHN McGINNESS AND COUNTY OF SACRAMENTO'S MOTION TO CONTINUE OR SUSPEND HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**Page 2**

Plaintiffs and Defendants disagree on whether or not these Plaintiffs have standing. As no discovery has occurred in this case, and because Plaintiffs' motion was filed on the heals of initial appearances, Defendants believe the motion for summary judgment in premature. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548 2554 (1986). This is not a matter of a party requesting further or additional discovery, or the re-opening of discovery after it has closed, but an opportunity to conduct initial discovery to determine the standing of the plaintiffs to bring the lawsuit.

Plaintiffs' position is that the policy with respect to the issuance of Carry Concealed Weapons of Sacramento Defendants violates their Second Amendment Rights, and that under the Second Amendment, Plaintiffs' have a right or should have a right to carry a concealed weapon. Further, Plaintiffs allege that two national gun groups have standing to bring this lawsuit against Sacramento Defendant in that Defendants' policy regarding issuance of Carry Concealed Weapons violates the groups' rights under the Second Amendment. In order to proceed with the lawsuit, all Plaintiffs need to show that they have standing to do so. Defendants do not concede that this standing exists and request the opportunity to conduct discovery in order to make that determination or develop facts to support or dispel any standing issues.

Therefore, Sacramento Defendants request that the hearing on Plaintiffs' motion for summary judgment be continued or suspended and opportunity be made for Defendants to depose Plaintiffs.

Dated: August 21, 2009         LONGYEAR, O'DEA AND LAVRA, LLP

                               */s/ Jeri L. Pappone*
                         By:   _____
                               Jeri L. Pappone
                               Attorneys for County of Sacramento and
                               John McGinness

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT JOHN McGINNESS AND COUNTY OF SACRAMENTO'S MOTION TO CONTINUE OR SUSPEND HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**Page 3**