Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deanna Sykes, et al., | Case No. 2:09-cv-01235-MCE-KJM |
| Plaintiffs, | PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RULE 56(f) DISCOVERY |
| v. | |
| John McGinness, et al., | |
| Defendants. | |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION FOR RULE 56(f) DISCOVERY

COME NOW Plaintiffs Deanna Sykes, Andrew Witham, Adam Richards, Calguns Foundation, Inc. and Second Amendment Foundation, Inc., by and through counsel, and submit their Memorandum of Points and Authorities in Opposition to Defendants' Motion for Rule 56(f) discovery.

| | |
|---|---|
| Dated: August 26, 2009 | Respectfully submitted, |

| | |
|---|---|
| Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986) | Alan Gura (Calif. Bar No. 178221) |
| Law Offices of Donald Kilmer, A.P.C. | Gura & Possessky, PLLC |
| 1645 Willow Street, Suite 150 | 101 N. Columbus St., Suite 405 |
| San Jose, CA 95125 | Alexandria, VA 22314 |
| 408.264.8489/Fax 408.264.8487 | 703.835.9085/Fax 703.997.7665 |
| E-Mail: Don@DKLawOffice.com | |

By:  /s/Donald E.J. Kilmer, Jr./         By:   /s/Alan Gura/
     Donald E.J. Kilmer, Jr.                    Alan Gura

                                       Attorneys for Plaintiffs

INTRODUCTION

Defendants' motion does not merely lack merit. It lacks an argument whose merit might be considered by the Court. The motion fails to aver the most rudimentary claims required by Fed. R. Civ. Proc. 56(f) and Local Rule 56-260(b) – describing (1) what facts Defendants hope to discover, (2) why Defendants believe such facts might exist, and (3) how any such discovery would relate to any issue raised by Plaintiffs' motion for summary judgment.

It is well-known that the standards for a Rule 56(f) motion are not high where a factual dispute can be hypothesized. But even the most basic required allegation – an identified factual dispute – is missing from Defendants' motion.

Seeking to cure this deficiency after some additional meeting and conferring, Defendants filed a supplemental memorandum attempting to outline the subject areas with respect to which they believe discovery could alter the outcome on summary judgment. But this latter filing only confirms that the requested discovery would be a complete waste of time bearing no relation to any issue in this case.

Defendants' motion remains vague. But any specific argument about a supposed standing deficiency would be defeated by four simple facts:

(1)    The individual Plaintiffs reside in Sacramento County.[1]

---

[1] This lawsuit also challenges the policies of Yolo County and its Sheriff, Ed Prieto, on behalf of Yolo County resident Adam Richards. However, at this writing no similar motion has been filed by the Yolo Defendants. A motion along these lines by the Yolo Defendants would be frivolous. Exhibit B to the motion for summary judgment is a fax, complete with cover sheet, from the Yolo County Sheriff's Department to Mr. Richards outlining a handgun carry permit policy that states Richards' reasons for seeking a permit – "Self protection and protection of family (without credible threats of violence)" – are "invalid."

*Opposition to Rule 56(f) Motion*        1        *Sykes v. McGinness*

(2) Defendants' relevant policies are posted on their website.

(3) The policies have been applied to Plaintiffs, who lack the qualifications required by the relevant policies to obtain the desired permits.

(4) The lack of the desired permits has altered Plaintiffs' conduct.

No amount of additional questioning will alter Plaintiffs' testimony with respect to these very basic facts. Plaintiffs will not admit that they live outside the county, that they have not read the Defendants' policies, that they believe themselves qualified under the policies, or that they are in the habit of carrying guns in violation of the law.

Many people would dispute Plaintiffs' *legal* claims. Defendants should have no difficulty formulating arguments opposing the motion for summary judgment, even if those arguments, like those made on behalf of the Rule 56(f) motion, lack merit. But depositions to review facts that are already well-known to Defendants, if not completely obvious, will not alter the outcome of the summary judgment motion, one way or another.

## STATEMENT OF FACTS

A complete statement of facts is contained in Plaintiffs' motion for summary judgment, but for purposes of this motion, a brief overview is in order.

The individual Plaintiffs are residents of Sacramento and Yolo Counties, respectively. The Defendants are the counties and their Sheriffs, who are tasked under California law with the responsibility of issuing permits to carry handguns in public.

Walking around armed in public without the benefit of a license to do so is a crime. Defendants do not deny that they enforce the law in this regard. So do law enforcement officers throughout the state, who, every single day, arrest people for carrying guns without a license.

Plaintiffs understand that if they walk about in public with guns, but without a license, they face arrest, incarceration, prosecution, or fine. Thus, they refrain from doing so. These facts are not subject to serious dispute.

The Defendants have adopted policies that flatly state an interest in self-defense is not sufficient good cause to obtain a permit. These policies are unambiguous and they apply to the Plaintiffs. Whatever other factors might qualify a person to obtain a permit, under Defendants' policies, a mere interest in self-defense is insufficient. Defendants declare: "The mere fear of victimization, or desire to carry a firearm, *shall be insufficient*." Summary Judgment, Exh. A, p. 3 (emphasis added). Defendants also impose a 12-month durational residency restriction. *Id.*, at 1. The policies are posted on Defendants' website. Again, this is not subject to dispute.[2]

The individual Plaintiffs have an interest in self-defense, but nothing beyond that. Their theory is that the Second Amendment is all the "good cause" they need to obtain a permit. This is not a case that alleges any sort of malfeasance or corruption on the part of the Defendants. To the contrary, Plaintiffs aver that the Sheriffs are faithfully and accurately following their policies. That has been Plaintiffs' experience.

Plaintiffs fully concede that they are not qualified to obtain permits under the relevant policies. The only question is whether those policies are constitutional.

There is also no question that the individual Plaintiffs have expressed a particular interest in carrying guns, and that the policies have applied to them. Deanna Sykes is a leader of the local

---

[2]If the facts of Defendants' policies *are* somehow subject to dispute, then it is hard to see how deposing *the plaintiffs* would bring more information to light on that topic.

Pink Pistols chapter and a firearms instructor. She has applied for a carry permit and was denied.[3]

Andrew Witham already has extensive law enforcement training and experience, is the current holder of an exposed handgun license. He has previously held a concealed carry permit issued while living in Shasta County, but upon moving to Sacramento, that permit was withdrawn. He asked to reapply and was refused an application pursuant to the durational residency restriction he now challenges.

The corporate plaintiffs are membership organizations that work to promote the exercise of the right to bear arms. They have many members impacted by Defendants' policies, and also expend resources advising individuals who are impacted by these policies.

ARGUMENT

THE MOTION FAILS TO ASSERT A QUALIFIED NEED FOR DISCOVERY.

Rule 56 contemplates that discovery is not universally necessary. The Rule provides that a plaintiff may move for a summary judgment within twenty days of initiating the litigation. Fed. R. Civ. Proc. 56(a). Effective December 1, with the next round of revisions, Rule 56 will provide that a plaintiff's motion for summary judgment may be filed "at any time." The Advisory Committee notes make clear that this permits summary judgment to be filed contemporaneously with the Complaint. Quite simply, some cases raise only questions of law. This is such a case.

Summary judgment motions are premature, and Rule 56(f) discovery is warranted, in those cases where meaningful factual disputes exist and discovery could well impact the outcome of the motion. But for Defendants to demonstrate that such a situation exists, certain minimal

---

[3] Defendants produced Sykes's application file as part of their Rule 26 disclosure, so it is not as though they are unaware of her circumstances.

steps must be taken, and certain basic standards must be satisfied. The Ninth Circuit makes clear that this Court should examine the moving affidavit in light of the case's posture to determine whether there is any point to avoiding the merits of the legal claims raised by the summary judgment motion.

"The mere hope that further evidence may develop . . . is an insufficient basis for a continuance under Fed. R. Civ. P. 56(f)." *Apache Survival Coalition* v. *United States*, 21 F.3d 895, 911 n.17 (9th Cir. 1994) (citation omitted). "Just because [a party] thinks evidence that supports its assertions *may* exist, that alone is not a basis to grant it a continuance under Rule 56(f)." *Network Commerce, Inc.* v. *Microsoft Corp.*, 260 F. Supp. 2d 1042, 1047 (W.D. Wash. 2003) (emphasis original); *see also Flowers* v. *First Hawaiian Bank*, 295 F. Supp. 2d 1130, 1138 (D. Haw. 2003).

"[T]he party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." *Continental Maritime of San Francisco, Inc.* v. *Pac. Coast Metal Trade Dist. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987) (citations omitted). There must be "some basis for believing that the information sought actually exists . . . and that it would prevent summary judgment." *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund* v. *The Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004) (citations omitted); *see also Cal. Union Ins. Co.* v. *Am. Diversified Sav. Bank,* 914 F.2d 1271, 1278 (9th Cir 1990).

Given these requirements, Rule 56(f) motions require specific, heightened pleading standards. "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f). Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery." *Barona Group* v. *Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394,

1400 (9th Cir. 1987) (citation omitted). "[F]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."*State of California* v. *Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (citation omitted); *Barona*, 840 F.2d at 1400.

> [T]he defendants must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.

*State of California*, 138 F.3d at 779.

Local Rule 56-260(b) is in accord: "If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."

"[A]s we have emphasized, denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *State of California* v. *Campbell*, 138 F.3d at 779-80 (citation omitted). The Ninth Circuit affirmed the denial of a Rule 56(f) motion where the movant "did not . . . provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described in his affidavit," and "failed to identify facts, either discovered or likely to be discovered, that would support their [claims]." *Margolis* v. *Ryan*, 140 F.3d 850, 854 (9th Cir. 1998).

Indeed, even where a moving party can show that it would obtain relevant evidence with additional discovery, the Ninth Circuit distinguishes facts that are "essential" from those that are merely "generically relevant," the latter being insufficient to support a Rule 56(f) motion. *Family Home & Fin. Ctr., Inc.* v. *Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

With these basic standards in view, it is easy to see why the Defendants felt obligated to supplement their initial filing. The initial filing asserted only that Defendants required discovery to test Plaintiff's "standing." That is too vague a claim. It is not enough, to avoid a summary judgment, merely to offer an incantation of "standing" (or any other defense). The Ninth Circuit makes very clear that at least some fact must be specifically alleged to be in possible relevant dispute. Indeed, there are many theories of standing, none specified in the initial (or even the latter) pleading. Defendants simply do not explain *how* it is that Plaintiffs might lack standing.

Is there an issue with respect to an injury in fact? Plaintiffs are subject to a policy that denies them a permit, and chills their behavior with respect to conduct possibly protected by the Constitution. Causation? Defendants are the authorities who are implementing the disputed policy. Redressability? Should the Court agree with Plaintiffs, it is empowered to grant them declaratory and injunctive relief that would resolve the dispute. Are there any prudential concerns? It is difficult to see what those might be. Plaintiffs seek relief for themselves, their grievance is specific (they want certain permits), and the vindication of civil rights claims is within the intended purpose of 42 U.S.C. § 1983 and the Declaratory Judgment Act.

None of these seem like obvious areas of dispute. Indeed, when Defendants raised the issue of "standing," Plaintiffs offered to stipulate to any fact deemed necessary by Defendants. But Defendants could not specify any facts that, if true, would defeat Plaintiffs' standing. General grievances might be insufficient under Article III for standing, but they are also insufficient to obtain Rule 56(f) discovery.

Defendants' supplemental memorandum does not aid their motion. In this terse pleading, Defendants list various of the Plaintiffs' allegations, and then offer:

> Defendants seek to depose the individual plaintiffs on these issues to determine the basis of their alleged "undisputed facts", what process each plaintiff has engaged in to the end of obtaining a carry concealed permit in Sacramento County.
>
> The depositions of principals of the group defendants will be utilized to determine the alleged injury that those groups allege to have taken place by virtue of the Carry Concealed Weapons permit policy and practices of the County of Sacramento.

Def. Supplemental Memorandum, at 2.

Again, missing here is any specific identification of what facts are being disputed, why Defendants believe that such facts may exist, and why those facts would be relevant. All Defendants offer is the most general assertion that discovery would be focused on disputing Plaintiffs' claims. That is clearly not enough.

"It is clear that a plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover." *Blanck* v. *Hager*, 360 F. Supp. 2d 1137, 1160 (D. Nev. 2005) (citation omitted). The same is true for Defendants – yet all Defendants have done is restate the conclusory denials of their answers, amplified by speculation that discovery might aid establish these allegations. In the face of the specific evidence and testimony submitted by Plaintiffs on summary judgment, that is clearly not sufficient to carry a Rule 56(f) motion.

The request is particularly unwarranted because the issues allegedly subject to dispute are truly indisputable. Plaintiffs have testified as to who they are, why they want gun carry permits, and the steps they have taken – and avoided – with respect to this dispute. At the core of the matter, the individual Plaintiffs have declared their reasons for seeking gun carry permits – and those reasons are exactly those rejected by the Defendants' published policies. Questioning whether the Second Amendment Foundation or Calguns Foundation have members and

supporters impacted by the policies, or exert resources promoting the exercise of the right to bear arms, seems pointless as well.

The request here is quite similar to that held insufficient in *Barona Group*, where the defendants "merely stated . . . that it wished to depose four named individuals 'to support its affirmative defenses,'" without "claim[ing] that these depositions would uncover issues of material fact" and therefore "failed to explain how additional discovery would have affected the disposition of the case." *Barona Group*, 840 F.2d at 1400; *see also Harris* v. *City of Seattle*, 315 F. Supp. 2d 1112, 1119 (W.D. Wash. 2004) ("vague and conclusory statements about what evidence [movant] expects to gain from these depositions" held insufficient); *Haines* v. *Honolulu Shipyard, Inc.*, 125 F. Supp. 2d 1020 (D. Haw. 2000).

Indeed, Defendants simply fail to identify any facts that they wish to dispute, or any basis for believing some particular fact might be revealed at deposition. Theirs is a clear example of what has been repeatedly declared by the Ninth Circuit to be insufficient to obtain Rule 56(f) discovery.

## CONCLUSION

Instead of speculating about whether Plaintiffs reside in Sacramento County, or whether the Second Amendment Foundation promotes Second Amendment rights, or whether Plaintiffs have some unknown qualification for a gun carry permit beyond the simple desire to exercise a constitutional right, Defendants should focus on responding to Plaintiffs' legal arguments in a case raising only questions of law.

| | | |
|---|---|---|
| Dated: August 26, 2009 | | Respectfully submitted, |

| | |
|---|---|
| Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986) | Alan Gura (Calif. Bar No. 178221) |
| Law Offices of Donald Kilmer, A.P.C. | Gura & Possessky, PLLC |
| 1645 Willow Street, Suite 150 | 101 N. Columbus St., Suite 405 |
| San Jose, CA 95125 | Alexandria, VA 22314 |
| 408.264.8489/Fax 408.264.8487 | 703.835.9085/Fax 703.997.7665 |
| By: /s/Donald E.J. Kilmer, Jr./ | By: /s/Alan Gura/ |
|     Donald E.J. Kilmer, Jr. |     Alan Gura |
| |     Attorneys for Plaintiffs |