Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deanna Sykes, et al., | Case No. 2:09-cv-01235-MCE-KJM |
| Plaintiffs, | DECLARATION OF ALAN GURA |
| v. | |
| John McGinness, et al., | |
| Defendants. | |

## DECLARATION OF ALAN GURA

I, Alan Gura, am competent to state, and testify to the following based on my personal knowledge:

1.  I am counsel for the Plaintiffs in the above-captioned matter.

2.  On several occasions I have met and conferred with opposing counsel regarding our summary judgment motion and the Defendants' related Rule 56(f) motion. I am pleased to report that the relationship among counsel is very good and constructive despite our disagreement about the merits of each others' motions.

3.     I have explained our views of standing to opposing counsel and requested specific information about their allegations that our clients might lack standing. The response has been along the lines that Defendants do not wish to take on faith our allegations, including allegations that the Plaintiffs reside in Sacramento County, or are law-abiding. However, apart from generally being unwilling to admit the veracity of our claims, the Defendants have not identified any specific factual allegation they believe to be untrue, or any particular fact they hope to uncover at deposition, much less explaining how such fact would be relevant.

4.     I have offered to have the Plaintiffs stipulate to any true fact that Defendants believe may be relevant to the outcome of the motion. I have also consented to having Defendants run a criminal background check on the Plaintiffs. I am aware that the Plaintiffs each have lawfully purchased firearms, and Plaintiff Witham specifically undergoes repeated criminal background checks owing to his employment and possession of exposed handgun and private investigator licenses.

5.     Defendants' Rule 26 production included a copy of their file of Plaintiff Deanna Sykes's denied application for a handgun carry permit. Included in that production were several statements reflecting Plaintiff's Sacramento address, and a photocopy of her driver's license. Clearly there is no need to take Plaintiff's deposition on the question of where she lives. Also enclosed were Sykes's handgun training certificates.

6     Opposing counsel further indicated that they wish to depose the Plaintiffs to see if they are truly unqualified under the published policies. However, the Plaintiffs have already testified as to their basis for seeking a permit, in terms identical to those deemed insufficient under the published policies. Opposing counsel have not revealed any facts about the Plaintiffs that would entitle them to a gun carry permit under the published policies (e.g., specific threats).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 26th day of August, 2009.


        /s/Alan Gura/_____
        Alan Gura