1  J. SCOTT SMITH, ESQ., SBN 151163
   **ANGELO, KILDAY & KILDUFF**
2  Attorneys at Law
3  601 University Avenue, Suite 150
   Sacramento, CA  95825
4  Telephone:  (916) 564-6100
   Telecopier:  (916) 564-6263
5
6  Attorneys for Defendants
   YOLO COUNTY and SHERIFF ED PRIETO
7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DEANNA SYKES, et al. | ) Case No.: 2:09-CV-01235-MCE-KJM |
| | ) |
| Plaintiff, | ) **JOINDER IN MOTION TO CONTINUE** |
| | ) **OR SUSPEND HEARING ON** |
| vs. | ) **PLAINTFFS' MOTION FOR SUMMARY** |
| | ) **JUDGMENT** |
| JOHN MCGINNESS, et al., | ) |
| | ) **DATE:**      **August 27, 2009** |
| Defendants. | ) **TIME:**      **2:00 p.m.** |
| | ) **Ctrm**:        **7** |
| | ) **Judge:**     **Morrison C. England, Jr.** |
| _____ | ) |

18

19                  **I.  INTRODUCTION**

20        Defendants Ed Prieto and the County of Yolo hereby join in the motion to continue the

21  Plaintiffs' motion for summary judgment.   In addition to being entitled to relief under

22  FedR.Civ.P 56(f), these defendants further argue that a hearing at this time is a waste of judicial

23  resources in light of the pending en banc decision in *Nordyke v. King* which will likely decide

24  one of the critical issues raised by the instant motion. Furthermore, Counsel for the Yolo

25  Defendants seeks an extension because counsel has multiple briefs due at the same time as the

26  instant case making it difficult to draft a meaningful opposition on the complex issues raised

27  herein.

28  / / /

---

## II.  LAW AND ARGUMENT

**A.    FEDERAL RULE OF CIVIL PROCEDURE 56(f)**

When a nonmovant is unable to respond to a motion for summary judgment because additional time is needed for discovery, it should request a continuance.  See *Fed.R.Civ.P.* 56(f)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).)  Motions for a continuance are generally favored and should be liberally granted.  *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir.2006).

For the reasons stated in the Sacramento County Defendant's motion, relief under Rule 65(f) is proper here. Defendants have not had adequate time to prepare discovery in this case.  In order to oppose Plaintiffs' motion, Defendants' need to take depositions in an effort to present facts to the court essential to filing an opposition.  Defendants believe in good faith that the evidence likely to be discovered is reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs' have not afforded Defendants ample time prior to filing its motion.

**B.    HEARING THE MOTION AT THIS TIME IS A WASTE OF RESOURCES IN LIGHT OF AN IMPENDING DECISION OF THE NINTH CIRCUIT**

The issue presented in Plaintiffs' complaint and the basis of its motion for summary judgment is whether California's licensing regime for the carrying of handguns violates the Second Amendment of The Federal Constitution.  One critical question is whether the Second Amendment is incorporated into the Due Process clause of the Fourteenth Amendment so that it applies as against State and local governments.   Three times since the adoption of the Fourteenth Amendment, the Supreme Court has answered this question in the negative.  *United States v. Cruikshank*, 92 U.S. 542, 553, 23 L. Ed. 588 (1875);  *Presser v. Illinois,* 116 U.S. 252 (1886); *Miller v. Texas,* 153 U.S. 535 (1894).  As recently as 1996 the Ninth Circuit continued to hold likewise.  *Hickman v. Block*, 81 F.3d 98, 102 (9th Cir 1996).  The question presented is whether the Supreme Court's decision in *District of Columbia v. Heller*, 128 S.Ct. 2783 ( 2008) necessarily requires reversal of these previous decisions.  So far every circuit to address the question has held *Heller* does not command such an abrogation.  *National Rifle Association v. Chicago*, 567 F.3d 856 (7th Cir. 2009);  *Maloney v. Cuomo*, 554 F.3d 56 (2d Cir. 2009).

1    A panel of the Ninth Circuit held otherwise in *Nordyke v. King* 563 F.3d 439 (9th Cir.

2    2009)  However, the circuit as a whole took the unusual step to vote to rehear *Nordyke* en banc

3    even though no party to the case requested en banc relief. *Nordyke v. King*, 2009 U.S. App.

4    LEXIS 16908 .  Therefore, the Ninth Circuit will likely issue a dispositive ruling on an issue

5    critical to the outcome of the instant case long before it is necessary to hear this motion under the

6    court's current scheduling order. There is thus no reason to force the parties to brief the issue

7    now.

8    **C.    COMPLEXITY OF DEFENDANT'S CURRENT WORK LOAD**

9    Generally, courts review a request for continuance upon authoritativeness, timeliness,

10   good cause and utility and materiality. (*Resolution Trust Corp. v. North Bridge Assocs.*, 22 F.3d

11   1198, 1203 (1st Cir. 1994).)  These standards are flexible and lie within the discretion of the

12   deciding court. (*Resolution Trust Corp. v. North Bridge Assocs.*, *supra*, 22 F.3d at 1203 (1st Cir.

13   1994).)

14   Counsel for Defendants has recently received an extensive government contract requiring

15   its production of written responses for all Writ of Habeas Corpus Petitions from the Attorney

16   Generals Office.  Currently counsel ahs six petition returns due on September first and the office

17   has about a dozen more die s the same date. In light of its current work-load, it is imperative that

18   the spirit and rules of fairness and efficiency remain at the forefront of our litigation practices.  It

19   is a waste of the court and counsel's limited time to require preparation on a complex issue that

20   is currently pending before the 9th Circuit.  Even if Counsel had no other matters in its work-load

21   or on its calendar, it is still appropriate to give deference to the courts when the same issue is

22   pending before it at the same time.  Our request is not only timely, but good cause has been

23   shown.

24   **III.  CONCLUSION**

25   Based upon the forgoing, Defendants believe Federal Rule 56(f), legal precedent and

26   party fairness support its motion for a 60 day continuance.  Defendants ask leave of court to join

27   in Co-Defendants motion to continue based upon Federal Rule 56(f), or in the alternative, grant

28   an individual motion to continue based upon the additional grounds as listed above.

-3-

JOINDER IN MOTION TO CONTINUE OR SUSPEND HEARING ON
PLAINTFFS' MOTION FOR SUMMARY JUDGMENT

{Joinder in Mtn to Continue or Suspend Hearing; 00027849}

1

2

3     Dated:  June 26, 2009                    ANGELO, KILDAY & KILDUFF

4                                                  */s/ J. Scott Smith*

5                                              By:_____
                                                   J. SCOTT SMITH
6                                                  Attorneys for Defendants YOLO
                                                   COUNTY and SHERIFF ED PRIETO
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINDER IN MOTION TO CONTINUE OR SUSPEND HEARING ON
PLAINTFFS' MOTION FOR SUMMARY JUDGMENT

{Joinder in Mtn to Continue or Suspend Hearing; 00027849}