UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEANNA SYKES, et al.,                NO. 2:09-cv-01235-MCE-KJM

    Plaintiffs,

  v.                                  ORDER

JOHN McGINNESS, et al.,

    Defendants.

----oo0oo----

Plaintiffs initiated this action on May 5, 2009, alleging that Defendants' refusal to issue the individual Plaintiffs concealed weapons permits violated, *inter alia*, Plaintiffs' Second Amendment rights. On August 6, 2009, Plaintiffs filed a Motion for Summary Judgment ("MSJ"), which is scheduled for hearing on September 24, 2009. Presently before the Court is Defendants' subsequent Motion to Continue or Suspend Plaintiffs' pending MSJ. On August 27, 2009, the Court entertained oral argument, and, for the following reasons, Defendants' Motion is granted.

///

1

**STANDARD**

Federal Rule of Civil Procedure 56(a) permits a party to file a Motion for Summary Judgment "any time after: (1) 20 days have passed from commencement of the action; or (2) the opposing party serves a motion for summary judgment." Nevertheless, pursuant to Rule 56(f):

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

"'Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck, 323 F.3d 767, 773 (9th Cir. 2003), quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). "The cases construing Rule 56(f) suggest that the denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. Summary denial is especially inappropriate where the material sought is also the subject of outstanding discovery requests." VISA Intern. Service Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986).
///

"Where...a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." Burlington Northern, 323 F.3d at 773.

**ANALYSIS**

Defendants' instant Motion to Continue or Suspend is granted for two reasons: 1) Plaintiffs' Motion is premature in light of the fact that this action remains in its infancy, with no discovery yet undertaken; and 2) conducting hearing on Plaintiffs' MSJ will result in a waste of judicial resources in light of the Ninth Circuit's pending en banc hearing scheduled in Nordyke v. King, 563 F.3d 439 (9th Cir. 2009), a case that, regardless of outcome, will affect the instant action.

First, Defendants have sufficiently convinced this Court that they have not had an opportunity to conduct any discovery, and more specifically, to investigate whether Plaintiffs have standing to bring this action in the first place.  This litigation has been pending for just a few months, and Defendants have not had time to even depose Plaintiffs or Plaintiffs' representatives.  Such discovery is both critical to a determination of whether this case is even properly before the Court as well as relevant to Plaintiffs' pending MSJ.

///
///
///

1  Additionally, it became clear to the Court from both the
2 papers and oral argument that there is simply no justification to
3 hasten to judgment in this case.  Indeed, according to
4 Plaintiffs, their impetus for seeking an expedited ruling now is
5 that numerous Second Amendment cases are riding the <u>District of</u>
6 <u>Columbia v. Heller</u> wave into the courts and that flood of cases
7 is resulting in "bad law."  --- U.S. ----, 128 S. Ct. 2783
8 (2008).  Plaintiffs seek to curtail that bad law with a case that
9 they believe will result in "good law."  This Court is unable to
10 reconcile the pursuit of good law with the forbearance of
11 discovery.  As such, because Plaintiffs' backgrounds and ability
12 to qualify for concealed weapons permits are relevant to
13 Plaintiffs' pending MSJ and because no persuasive reason has been
14 proffered to expedite the instant action, Defendants' Rule 56(f)
15 Motion is granted.
16  Moreover, this Court finds the impending en banc hearing in
17 <u>Nordyke</u> to provide an independent basis for continuing
18 Plaintiffs' Motion.  An opinion in that case will directly impact
19 the legal issues before this Court.  Accordingly, in the interest
20 of judicial economy, this Court finds it appropriate to await the
21 Ninth Circuit's guidance before proceeding with dispositive
22 motions here.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

**CONCLUSION**

Defendants' Motion to Continue or Suspend (Docket No. 28) is GRANTED, and Plaintiffs' Motion for Summary Judgment (Docket No. 18) is DENIED without prejudice. All future hearing dates are hereby vacated. Prior to issuance of the Ninth Circuit's opinion in <u>Nordyke</u>, no party shall file any Motion for Summary Judgment without leave of this Court.

IT IS SO ORDERED.

Dated: August 31, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5