Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deanna Sykes, Andrew Witham, Adam Richards, Second Amendment Foundation, Inc., and The Calguns Foundation, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> John McGinness, County of Sacramento, Ed Prieto, and County of Yolo, <br><br> Defendants. | Case No. 2:09-CV-01235-MCE-KJM <br><br> **PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR A SCHEDULING ORDER** |

The Defendants' latest filing (Doc. 38) is confusing, misleading and made in bad faith.

1. This Court's order of Sept. 1, 2009 (Doc. #37) did not "stay" these proceedings. The order was crafted to permit discovery to move forward at the request of the Defendants. It said: "Prior to issuance of the Ninth Circuit's opinion in *Nordyke*, no party shall file any Motion for Summary Judgment without leave of this Court."

2. The Defendants correctly note that the *Nordyke* en banc decision is awaiting a ruling by the U.S. Supreme Court in the *McDonald v. City of Chicago*, Case No.: 08-1521.

3. The next assertion by the Defendants is that they need to take the depositions of four (4) Plaintiffs prior to opposing any motion for summary judgment. In the nearly six months

1 | since this Court's September 1, 2009 order, specifically made for the benefit of Defendants' discovery rights, no discovery has been propounded by the Defendants. [1]

    a. Initially, Plaintiffs and Plaintiffs' counsel made arrangements to accommodate a deposition schedule for the Defendants that included the 24th and 25th of September, 2009. With this Court's September 1, 2009 order, Defendants asked to reschedule the depositions. Plaintiffs accommodated this request.

    b. Then the Defendants served notices for depositions on the 26th, 28th and 29th of October, 2009. Plaintiffs made accommodations to attend. These depositions were canceled by the Defendants.

    c. The depositions were then rescheduled and amended notices served for January 28th and 29th, 2010. Plaintiffs, again, made appropriate arrangements, bought plane tickets and reserved hotel rooms. On January 25, 2010, Defendants canceled the depositions. Un-reimbursable costs for airfare and hotel reservations were incurred for Plaintiff HOFFMAN ($165.79) and Plaintiff GOTTLIEB ($371.98).

4. Next, Defendants claim they can only take depositions after the *McDonald* and *Nordyke* cases clarify the law. This is a specious argument. The questions presented to the United States Supreme Court in the *McDonald* case is: "***Whether the Second Amendment right to keep and bear arms is incorporated as against the States by the Fourteenth Amendment's Privileges or Immunities or Due Process Clauses***." That issue was resolved in favor of incorporation via the Due Process clause in *Nordyke*, 563 F.3d 439 (9th Cir. 2009). *Nordyke* was put on hold by the sua sponte granting of en banc reconsideration. Just days after the oral argument in *Nordyke*, the Supreme Court granted certiorari in *McDonald v. City of Chicago*, (2009) 130 S.Ct 48, 174 L. Ed. 2d 632.

---

[1] Plaintiffs will be filing their own motion for attorney fees and costs regarding the scheduling, rescheduling and canceling of depositions in this matter. Two plaintiffs incurred hotel and flight cancellation fees when the Defendants canceled depositions on short notice. Plaintiffs' letters requesting reimbursement, have gone unanswered.

5. The *McDonald* case will address incorporation. The *Nordyke* case is about gun shows on county property. The *Sykes* case is about "bearing arms." It is a challenge to the policy, already publicly admitted by the sheriffs of Yolo and Sacramento Counties, of not issuing carry permits to law-abiding citizens for purposes of self defense.

6. Other than incorporation of the Second Amendment via the Fourteenth Amendment, what other possible issues could *McDonald* and/or *Nordyke,* resolve that will make taking depositions more or less critical to Defendants' case? Defendants fail to provide an answer.

7. By way of courtesy, Plaintiffs hereby put all parties on notice that they will be filing their own motion (in addition to the one for fees/costs for discovery abuses) for a modification of this Court's November 1, 2009 order, asking that the moratorium on filing Motions for Summary Judgment be pegged to *McDonald* instead of *Nordyke*.

Respectfully Submitted, March 18, 2010

| | |
|---|---|
| Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986) | Alan Gura (Calif. Bar No. 178221) |
| Law Offices of Donald Kilmer, A.P.C. | Gura & Possessky, PLLC |
| 1645 Willow Street, Suite 150 | 101 N. Columbus St., Suite 405 |
| San Jose, CA 95125 | Alexandria, VA 22314 |
| 408.264.8489/Fax 408.264.8487 | 703.835.9085/Fax 703.997.7665 |
| E-Mail: Don@DKLawOffice.com | |

By:  _____/s/_____
     Donald Kilmer, Attorney for Plaintiffs