Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Richards, Brett Stewart, Second Amendment Foundation, Inc., and The Calguns Foundation, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Ed Prieto and County of Yolo, <br><br> Defendants. | Case No. 2:09-cv-01235-MCE-KJM <br><br> SECOND AMENDED COMPLAINT <br><br> 42 U.S.C. §§ 1983, 1988 |

## COMPLAINT

COME NOW the Plaintiffs, Adam Richards, Brett Stewart, Second Amendment Foundation, Inc. ("SAF"), and The Calguns Foundation, Inc. ("CGF"), by and through undersigned counsel, and complain of Defendants as follows:

### THE PARTIES

1. Plaintiff Adam Richards is a natural person and a citizen of the United States and of the State of California, residing in Yolo County, California. Plaintiff Richards is a member of SAF and a supporter of and participant in CGF activities.

2. Plaintiff Brett Stewart is a natural person and a citizen of the United States and of the State of California, residing in Yolo County, California. Plaintiff Stewart is a member of SAF and a supporter of and participant in CGF activities.

1  3. Plaintiff Second Amendment Foundation, Inc. is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including California. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

4. Plaintiff The Calguns Foundation, Inc. is a non-profit organization incorporated under the laws of California with its principal place of business in Redwood City, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearm laws, rights and privileges, and defending and protecting the civil rights of California gun owners.  CGF represents these members and supporters, which include California gun owners. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

5. Defendant County of Yolo is a municipal entity organized under the Constitution and laws of the State of California.

6. Defendant Ed Prieto is the Sheriff of the County of Yolo, and as such, he is responsible for formulating, executing and administering Yolo County's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs.  Defendant Prieto is sued in both his individual and official capacities.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

8. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Background*

9. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

10. The Second Amendment is incorporated as against the states through the Fourteenth Amendment, such that Defendants cannot, under color of law, deprive Plaintiffs of their right to keep and bear arms.

11. The Second Amendment guarantees the right of law-abiding individuals to publicly carry operational handguns for self-defense.

12. States retain the ability to regulate the manner of carrying handguns, prohibit the carrying of handguns in specific, narrowly defined sensitive places, prohibit the carrying of arms that are not within the scope of Second Amendment protection, and disqualify specific, particularly dangerous individuals from carrying handguns.

13. States may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

14. Almost all states basically respect the Second Amendment rights to carry a handgun for self-defense, in that the right to carry a handgun is either unregulated, or regulated to the extent that individuals passing a background check and completing a gun safety course are, as a matter of course, licensed to carry handguns. In some of these states, a license to carry a handgun is required only if the handgun is concealed.

15. California law generally bans the carrying of concealed firearms. California Penal Code § 12025. With very few exceptions, California generally prohibits the open, public carrying of loaded handguns for self-defense in incorporated cities and many unincorporated areas, Penal Code § 12031.

16. California law allows the carrying of loaded handguns in public, for self-defense, upon issuance of a permit to carry a concealed handgun or, in certain counties, a license to carry an exposed handgun. Penal Code § 12050(a).

17. Applicants seeking a license to carry a handgun must pass a criminal background check, Penal Code §12052, and successfully complete a course of training in the proper use of handguns. Penal Code § 12050(a)(1)(E). Applications for a permit to carry a handgun are made to the Sheriff of the county in which the applicant either resides or spends a substantial period of time in owing to the applicant's principal place of employment or business being located in that county. Alternatively, application may be made to the chief or other head of a municipal police department of any city or city and county in which the applicant resides.

18. In addition to the successful completion of a background check and training, the issuance of a permit to carry a handgun is left to the discretion of the issuing authority, based upon that authority's determination of whether the applicant "is of good moral character, [and] that good cause exists for the issuance" of the permit. Penal Code §§ 12050(a)(1)(A), (B). In practice, the issuance of permits varies widely among California jurisdictions. Some issuing authorities almost never issue handgun carry permits, others issue permits only occasionally, and yet others liberally issue permits to most if not all law-abiding applicants.

*Violations of Plaintiffs' Right to Bear Arms*

19. In March, 2009, Plaintiff Adam Richards, a law-abiding citizen who wishes to exercise his right to bear arms, contacted Defendant Prieto's office to inquire about the process for obtaining a permit to carry a handgun. Defendant Prieto's office advised Plaintiff Richards that the desire to have a gun available for self-defense would not constitute "good cause" for the issuance of the permit, and that his application would be a futile act. Defendant Prieto's written policy regarding the issuance of gun carry permits includes among "examples of invalid reasons to request a permit" "self-protection and protection of family (without credible threats of violence)." Plaintiff Richards was further advised that as a matter of policy, his application would not be considered unless he first applied to the Chief of Police in the City of Davis, where Plaintiff Richards resides.

20. Plaintiff Richards subsequently applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On April 1, 2009, Police Chief Black denied Plaintiff Richards' application for a permit to carry a handgun, stating in writing:

> An evaluation and comparison of our current services to available resources has forced us to discontinue processing and issuing CCW (Carry Concealed Weapon) licenses. I apologize for the inconvenience this action will cause you.

Chief Black suggested Plaintiff Richards apply to Defendant Prieto for a permit.

21. But for the lack of a permit to carry a handgun, Plaintiff Richards would carry an operational handgun in public for self-defense.

22. On or about March 17, 2010, Plaintiff Brett Stewart, a law-abiding citizen who wishes to exercise his right to keep and bear arms, applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On March 18, 2010, Police Chief Black denied Plaintiff Stewart's application for a permit to carry a handgun, stating in writing:

> An evaluation and comparison of our current services to available resources has forced us to discontinue processing and issuing CCW (Carry Concealed Weapon) licenses. I apologize for the inconvenience this action will cause you.

Chief Black suggested Plaintiff Richards apply to Defendant Prieto for a permit.

23. On or about March 23, 2010, Plaintiff Stewart applied to Defendant Prieto for a permit to carry a handgun. On April 27, 2010, Stewart was informed that his application was denied, because "the reasons listed in your application do not meet the criteria in our policy."

**FIRST CLAIM FOR RELIEF**
**U.S. CONST., AMEND. II, 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

24. Paragraphs 1 through 23 are incorporated as though fully stated herein.

25. Plaintiffs are law abiding individuals, competent in the safe handling and operation of handguns. Accordingly, there exists no reason to deny Plaintiffs permits to carry a handgun under California Penal Code § 12050.

26. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiffs of permits to carry handguns, including but not limited to requiring subjective "good cause" beyond the interest in self-defense, Defendants are propagating customs, policies, and practices that violate the Second and Fourteenth Amendments to the United States Constitution,

damaging Plaintiffs in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

**SECOND CLAIM FOR RELIEF**
**U.S. CONST., AMEND. XIV – EQUAL PROTECTION, 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

27.  Paragraphs 1 through 26 are incorporated as though fully stated herein.

28.  By maintaining and enforcing a set of customs, practices, and policies arbitrarily denying Plaintiffs permits to carry handguns based on a subjective determination of their "good cause" for the permit, and by denying some individuals the right to bear arms for self-defense while allowing others access to that right, Defendants are propagating customs, policies, and practices that violate Plaintiffs' rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution, by improperly classifying them relative to those who are allowed to enjoy their fundamental right to bear arms, damaging Plaintiffs in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.  An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the "good moral character" and "good cause" requirements of California Penal Code § 12050 against handgun carry permit applicants who seek the permit for self-defense and are otherwise qualified to obtain a handgun carry permit under that section;

2.  Declaratory relief that the "good moral character" and "good cause" provisions of California Penal Code § 12050 are unconstitutional either on their face and/or as applied to bar applicants who are otherwise legally qualified to possess firearms and who assert self-defense as their "good cause" for seeking a handgun carry permit;

3.  Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

4.  Any other further relief as the Court deems just and appropriate.

| | |
|---|---|
| Dated: October 22, 2010 | Respectfully submitted, |

| | |
|---|---|
| Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)<br>Law Offices of Donald Kilmer, A.P.C.<br>1645 Willow Street, Suite 150<br>San Jose, CA 95125<br>408.264.8489/Fax 408.264.8487<br>E-Mail: Don@DKLawOffice.com | Alan Gura (Calif. Bar No. 178221)<br>Gura & Possessky, PLLC<br>101 N. Columbus St., Suite 405<br>Alexandria, VA 22314<br>703.835.9085/Fax 703.997.7665 |
| By: /s/ Donald Kilmer<br>    Donald E.J. Kilmer, Jr. | By:  /s/ Alan Gura<br>    Alan Gura<br><br>Attorneys for Plaintiffs |