1  Alan Gura (Calif. Bar No. 178221)
   Gura & Possessky, PLLC
2  101 N. Columbus St., Suite 405
   Alexandria, VA 22314
3  703.835.9085/Fax 703.997.7665

4  Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
   Law Offices of Donald Kilmer, A.P.C.
5  1645 Willow Street, Suite 150
   San Jose, CA 95125
6  408.264.8489/Fax 408.264.8487

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   Adam Richards, et al.,              )   Case No. 2:09-cv-01235-MCE-KJM
                                         )
11            Plaintiffs,                )   STATEMENT OF UNDISPUTED
                                         )   FACTS IN SUPPORT OF
12       v.                              )   PLAINTIFFS' MOTION FOR
                                         )   SUMMARY JUDGMENT
13   Ed Prieto, et al.,                  )
                                         )
14            Defendants.                )
                                         )
15

16        STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
           PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

17        As require by Local Rule 56-260, Plaintiffs contend there is no genuine issue about the

18   following material facts:

19   **Undisputed Fact**                      **Support for Undisputed Fact**

20   1.   California law generally prohibits the      1.   Cal. Penal Code § 12031 *et seq.*
          open carrying of loaded, functioning
21        firearms in any public place or on any
          public street in an incorporated city or in
22        any public place or on any public street
          in a prohibited area of unincorporated
23        territory, with licensed exceptions for
          residents of sparsely populated counties.
24

25   2.   California law generally prohibits the      2.   Cal. Penal Code § 12025 *et seq.*
          unlicensed concealed carrying of handgun.
26

27

28

---

Plaintiffs' Statement of Undisputed Facts        Page 1 of 6        *Richards v. Prieto*

| **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|
| 3.   The license available under Cal. Penal Code § 12050 is the only legal option available to ordinary citizens who wish to carry firearms for self defense. | 3.   Cal. Penal Code §§ 12025 (banning unlicensed concealed carry), 12031 (banning unlicensed open carrying); 12050 (restricting open carry licenses to counties with fewer than 200,000 inhabitants). |
| 4.   Applicants for a license to carry a loaded concealable firearms must pass a criminal background check, and complete training in the proper use of handguns. | 4.   Cal. Penal Code §§ 12050(a)(1)(E), 12052 et seq. |
| 5.   Application for a CCW Permit is made to the Sheriff of the county in which the applicant resides or spends a substantial period of time at a principal place of business and/or employment. | 5.   Cal. Penal Code §§ 12050(a)(1)(A), 12050(a)(1)(D)(I), 12050(a)(1)(D)(ii) |
| 6.   Application for a CCW Permit may also be made to the Chief or other head of a municipal police department, within a county in which the applicant resides or spends a substantial period of time at a principal place of business and/or employment. | 6.   Cal. Penal Code §§ 12050(a)(1)(B), 12050(a)(1)(D)(I), 12050(a)(1)(D)(ii) |
| 7.   A Sheriff and/or the chief of a municipal police department has discretion to determine whether an applicant "is of good moral character, [and] that good cause exists for the issuance" of a CCW permit. | 7.   Cal. Penal Code §§ 12050(a)(1)(A), 12050(a)(1)(B) |
| 8.   A Sheriff and/or the chief of a municipal police department is required to publish and make available a written policy summarizing the provisions of Cal. Penal Code §§ 12050(a)(1)(A) and (B). | 8.   Cal. Penal Code § 12050.2. |
| 9.   Defendant Ed Prieto is the Sheriff of Yolo County. | 9.   Answer to First Am. Complaint ¶ 5 Answer to Scnd. Am. Complaint ¶ 3 |
| 10.   Defendant Prieto's "Concealed Weapons License Policy" provides that applicants "Be of good moral character," "Show good cause for the issuance of the license," and "Provide at least three letters of character reference" from non-relatives. | 10.   Exh. A |
| 11.   Defendant Prieto's application for a license to carry a handgun requires disclosure of "substantial personal information [that] may be subject public access under the Public Records Act." | 11.   Exh. A |

| | Undisputed Fact | | Support for Undisputed Fact |
|---|---|---|---|
| 12. | Defendant Prieto's policy regarding the issuance of gun carry permits includes among "examples of invalid reasons to request a permit" "self-protection and protection of family (without credible threats of violence)." | 12. | Exh. A |
| 13. | Defendant Prieto does not schedule gun carry permit applicants for fingerprinting and background checks unless "the Sheriff or his designee feels there is sufficient reason to grant the license." | 13. | Exh. A |
| 14. | Even where he issues gun carry permits, Prieto reserves the right to impose "any and all reasonable restrictions and conditions" that he "has deemed warranted," violations of which can lead to summary revocation of the permit. | 14. | Exh. A |
| 15. | Defendant Prieto maintains that "the issuance, amendment or revocation" of a gun carry license "remains exclusively within the discretion of the Sheriff." | 15. | Exh. A |
| 16. | Gun carry licenses in Yolo County may be renewed "[i]f the Sheriff or his designee feels there is sufficient reason to renew the license." | 16. | Exh. A |
| 17. | Plaintiffs Adam Richards and Brett Stewart are law abiding residents of Yolo County, fully qualified to possess firearms under state and federal law. | 17. | Richards Decl., ¶¶ 1, 2; Stewart Decl., ¶¶ 1,2 |
| 18. | In March, 2009, Richards contacted Defendant Prieto's office to inquire about the process for obtaining a permit to carry a handgun. Defendant Prieto's office advised Richards that the desire to have a gun available for self-defense would not constitute "good cause" for the issuance of the permit, and that he should not apply because doing so would be a futile act. | 18. | Richards Decl., ¶ 4 |
| 19. | Richards was further advised that as a matter of policy, his application would also not be considered unless he first applied to the Chief of Police in the City of Davis, where he resides. | 19. | Richards Decl., ¶ 4 |

| Undisputed Fact | Support for Undisputed Fact |
|---|---|
| 20. Richards subsequently applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On April 1, 2009, Black denied Plaintiff Richards' application for a gun carry permit, stating in writing that for budgetary reasons his department no longer process handgun carry permit applications, and suggesting that Richards seek a permit from Defendant Prieto. | 20. Richards Decl., ¶ 5 |
| 21. Plaintiff Richards seeks to exercise his Second Amendment right to carry a handgun for personal protection. | 21. Richards Decl., ¶ 3 |
| 22. Plaintiff Richards seeks a handgun carry permit so that he might protect himself and his family. However, Richards has received no threats of violence and is unaware of any specific threat to him or his family. | 22. Richards Decl., ¶ 3 |
| 23. Plaintiff Richards has read Defendant Prieto's written policy declaring that "self-protection and protection of family (without credible threats of violence)" is among "examples of invalid reasons to request a permit," which is consistent with his experience in unsuccessfully seeking a permit application. | 23. Richards Decl., ¶¶ 6, 7 |
| 24. Plaintiff Richards thus understands that he lacks "good cause" to obtain a permit as that term is defined and implemented by Defendants Prieto and Yolo County. | 24. Richards Decl., ¶ 8 |
| 25. Plaintiff Richards fears arrest, prosecution, fines and imprisonment were he to carry a handgun without a permit. But for the lack of a permit to do so, Richards would carry a handgun in public for self-defense. | 25. Richards Decl., ¶ 10 |
| 26. On March 17, 2010, Stewart applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On March 18, 2010, Black denied Plaintiff Stewart's application for a permit to carry a handgun, stating that for budgetary reasons his department no longer processes handgun carry permit applications, and suggested that Stewart seek a permit from Prieto. | 26. Stewart Decl., ¶ 5 |

| | Undisputed Fact | Support for Undisputed Fact |
|---|---|---|
| 27. | On March 23, 2010, Stewart applied to Defendant Prieto for a permit to carry a handgun. On April 27, 2010, Stewart was informed that his application was denied, because "the reasons listed in your application do not meet the criteria in our policy." | 27. Stewart Decl., ¶ 6; Exh. D |
| 28. | Plaintiff Stewart seeks to exercise his Second Amendment right to carry a handgun for personal protection. He seeks a handgun carry permit so that he might protect himself and his family. However, Stewart has received no threats of violence and is unaware of any specific threat to him or his family. | 28. Stewart Decl., ¶ 3 |
| 29. | Plaintiff Stewart fears arrest, prosecution, fines and imprisonment were he to carry a handgun without a permit. But for the lack of a permit to do so, Stewart would carry a handgun in public for self-defense. | 29. Stewart Decl., ¶ 7 |
| 30. | Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. | 30. Versnel Decl., ¶ 2 |
| 31. | SAF has over 650,000 members and supporters nationwide, including many in California. | 31. Versnel Decl., ¶ 2 |
| 32. | The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. | 32. Versnel Decl., ¶ 2 |
| 33. | The Calguns Foundation, Inc. is a non-profit organization incorporated under the laws of California with its principal place of business in Redwood City, California. | 33. Hoffman Decl., ¶ 2 |
| 34. | The purposes of Calguns include supporting the California firearms community by promoting education for all stakeholders about firearm laws, rights and privileges, and securing the civil rights of California gun owners, who are among its members and supporters. | 34. Hoffman Decl., ¶ 2 |

| Undisputed Fact | Support for Undisputed Fact |
|---|---|
| 35.    SAF and Calguns expend their resources encouraging exercise of the right to bear arms, and advising and educating their members, supporters, and the general public about the varying policies with respect to the public carrying of handguns in California, including in Yolo County. Defendants' policies regularly cause the expenditure of resources by SAF and Calguns as people turn to these organizations for advice and information. The issues raised by, and consequences of, Defendants' policies, are of great interest to SAF and Calguns' constituencies. | 35.    Versnel Decl., ¶ 3<br>Hoffman Decl., ¶ 3 |
| 36.    Defendants' policies bar the members and supporters of SAF and Calguns from obtaining permits to carry handguns. | 36.    Versnel Decl., ¶¶ 4, 5.<br>Hoffman Decl., ¶¶ 4, 5. |

Respectfully Submitted,                                          Date: January 13, 2010


Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)    Alan Gura (Calif. Bar No. 178221)
Law Offices of Donald Kilmer, A.P.C.               Gura & Possessky, PLLC
1645 Willow Street, Suite 150                      101 N. Columbus St., Suite 405
San Jose, CA 95125                                 Alexandria, VA 22314
408.264.8489/Fax 408.264.8487                      703.835.9085/Fax 703.997.7665
E-Mail: Don@DKLawOffice.com


                                      By:    /s/ Alan Gura
                                                          Alan Gura

                                                          Attorneys for Plaintiffs