```
 1  Alan Gura (Calif. Bar No. 178221)
    Gura & Possessky, PLLC
 2  101 N. Columbus St., Suite 405
    Alexandria, VA 22314
 3  703.835.9085/Fax 703.997.7665

 4  Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
    Law Offices of Donald Kilmer, A.P.C.
 5  1645 Willow Street, Suite 150
    San Jose, CA 95125
 6  408.264.8489/Fax 408.264.8487

 7
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| Adam Richards, et al., | ) Case No. 2:09-CV-01235-MCE-KJM |
|---|---|
| Plaintiffs, | ) |
| v. | ) DECLARATION OF PLAINTIFF ADAM RICHARDS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| Ed Prieto, et al., | ) |
| Defendants. | ) Fed. R. Civ. Proc. 56 |

I, Adam Richards, am competent to state, and declare the following based on my personal knowledge:

1. I am a law abiding resident of Yolo County.

2. I am authorized and qualified under Federal and State law to purchase and possess firearms.

3. I seek to exercise my Second Amendment right to carry a handgun for personal protection. I seek a handgun carry permit so that I might protect myself and my family. However, I have received no threats of violence and I'm unaware of any specific threat to me or my family.

4. In March, 2009, I contacted Sheriff Prieto's office to inquire about the process for obtaining a permit to carry a handgun. Sheriff Prieto's office advised me that the desire to have a gun available for self-defense would not constitute "good cause" for the issuance

of the permit, and that I should not apply because doing so would be a futile act. I was further advised that as a matter of policy, my application would also not be considered unless I first applied to the Chief of Police in the City of Davis, where I reside.

5. Subsequently, I applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On April 1, 2009, Black denied my application for a permit to carry a handgun, stating that for budgetary reasons his department no longer processes handgun carry permit applications, and suggested that I seek a permit from Sheriff Prieto.

6. In May, 2009, I contacted the Yolo County Sheriff's Department and asked for a copy of the Sheriff's CCW policy. Exhibit A is a true and correct copy of the fax I received from Sheriff Prieto's office.

7. I have read Sheriff Prieto's written policy declaring that "self-protection and protection of family (without credible threats of violence)" is among "examples of invalid reasons to request a permit," which is consistent with my experience in unsuccessfully seeking a permit application.

8. I understand that I lack "good cause" to obtain a permit as that term is defined and implemented by Sheriff Prieto and Yolo County.

9. I had completed the basic course required to obtain a concealed handgun carry permit on April 25, 2009.  Exhibit B is a true and correct copy of my training certificate.

10. I fear arrest, prosecution, fines and imprisonment were I to carry a handgun without a permit. But for the lack of a permit to do so, I would carry a handgun in public for self-defense.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of January, 2011

Adam Richards