*BILL LOCKYER*
*Attorney General*

State of California
DEPARTMENT OF JUSTICE



1300 I STREET. SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
Public: (916) 445-9555

Facsimile: (916) 324-8835
(916) 324-5490

December 28, 2001

**FILED**
In the office of the Secretary of State
of the State of California

DEC 2 8 2001

BILL JONES, Secretary of State

By _Vanessa Lierra_
Deputy Secretary of State

Bill Jones
Secretary of State
1500 - 11th Street, 5th Floor
Sacramento, California  95814

RE:      Initiative Title and Summary
SUBJECT: RIGHT TO KEEP AND BEAR ARMS.
         INITIATIVE CONSTITUTIONAL AMENDMENT.
FILE NO:  SA2001RF0041

Dear Mr. Jones:

   Pursuant to the provisions of sections 9004 and 336 of the Elections Code, you are hereby notified that on this day we mailed our title and summary to the proponents of the above-identified proposed initiative.

   Enclosed is a copy of our transmittal letter to the proponents, a copy of our title and summary, a declaration of service thereof, and a copy of the proposed measure.

   According to information available in our records, the names and address of the proponents are as stated on the declaration of service.

                                       Sincerely,

                                       *Tricia Knight*
                                       TRICIA KNIGHT
                                       Initiative Coordinator

                           For         BILL LOCKYER
                                       Attorney General

TK:cw
Enclosures

Date: December 28, 2001
File No.: SA2001RF0041

The Attorney General of California has prepared the following title and summary of the chief purpose and points of the proposed measure:

RIGHT TO KEEP AND BEAR ARMS. INITIATIVE CONSTITUTIONAL AMENDMENT.

Amends the California Constitution to add a personal right to keep and bear arms for defense of self, family, and home. Requires state to prove a compelling government interest for any action regulating the keeping and bearing of arms. Provides that this amendment, and such state laws as it allows, take precedence over county, city, and local government regulations on this subject. Allows the state to continue regulating the acquisition or possession of arms by felons, minors, mentally incompetent persons, or persons subject to restraining orders based on their violent conduct. Summary of estimate by Legislative Analyst and Director of Finance of fiscal impact on state and local governments: This measure would result in unknown, potential costs to the state and unknown net fiscal effects on local governments.

# Law Offices of Donald Kilmer

1261 Lincoln Avenue, Suite 108
San Jose, California 95125-3030
Phone: 408/998-8489
Fax: 408/998-8487

October 3, 2001

Via: U.S. Mail

Attorney General Bill Lockyer
**ATTN: INITIATIVE COORDINATOR**
Office of the Attorney General
1300 I Street
Sacramento, CA 95814

**RECEIVED**
NOV 0 5 2001
INITIATIVE COORDINATOR
ATTORNEY GENERAL'S OFFICE

SUBJECT: California Constitutional Amendment

Dear Attorney General Lockyer:

Attached please find the referral for a California Constitutional Amendment. We understand "If signed by the required number of electors and filed with the Secretary of State by a date to be specified" this petition will qualify as a ballot initiative in the November 2002 election.

Also enclosed are the Title and Summary from our last attempt to qualify the exact same amendment, and the budget analysis performed by the Joint Legislative Budget Committee for that previous attempt. As there should be no changes to analysis, we sincerely hope that this process can be expedited. Thank you.

As registered California voters, we hereby request title and summary in order to prepare petitions for circulation to collect signatures.

Proponents of this Initiative are:

Geoffrey M. Metcalf

Donald J. Kilmer
1261 Lincoln Avenue, Suite 108
San Jose, CA 95125-3030

Thank you for your courtesy and cooperation.

Cordially,

Geoffrey M. Metcalf

Donald E. J. Kilmer, Jr.
Attorney at Law

## Amendment to California Constitution

### The Self-defense Initiative

The inalienable right to defend life and liberty as set forth in Article I, Section 1 of the California Constitution includes the fundamental right of each person to keep and bear arms for the defense of self, family and home. This right shall not be infringed.

A. All State government action regulating the right of law-abiding persons to acquire and possess arms for the defense of self, family and home, shall be subject to strict scrutiny, in the same respect as the freedoms of speech and of the press. All county, city and local government action on this subject is preempted by state law and this Amendment.

B. This Amendment does not limit the State from regulating the acquisition and possession of arms by: felons, minors, the mentally incompetent, and any person subject to restraining orders based upon their own violent conduct.

## DECLARATION OF SERVICE

RE:       Initiative Title and Summary
FILE NO:  SA2001RF0041

I declare:

I am employed in the Office of the Attorney General located at 1300 I Street, Post Office Box 944255, Sacramento, California 94244-2550. I am over the age of eighteen years and not a party to the within entitled matter.

On <u>December 28, 2001</u>, I served the within correspondence, title and summary, and text of the following measure by mail.

### RIGHT TO KEEP AND BEAR ARMS.
### INITIATIVE CONSTITUTIONAL AMENDMENT.

I placed the above documents in a sealed envelope, with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General, for deposit in the United States Postal Service this same day in the ordinary course of business, addressed as follows:

**Donald J. Kilmer, Esq.**
**Geoffrey M. Metcalf**
**Law Office of Donald Kilmer**
**1261 Lincoln Avenue, Suite 108**
**San Jose, CA  95125-3030**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on <u>December 28, 2001</u> at Sacramento, California.

*[signature]*
CHRISTINE WEIN

# Joint Legislative Budget Committee

CHAIR
**STEVE PEACE**

VICE CHAIR
**TONY CARDENAS**

SENATE

DICK ACKERMAN
DEDE ALPERT
JIM BATTIN
K. MAURICE JOHANNESSEN
JACK O'CONNELL
RICHARD G. POLANCO
JOHN VASCONCELLOS

GOVERNMENT CODE SECTIONS 9140-9143



CALIFORNIA LEGISLATURE

LEGISLATIVE ANALYST
**ELIZABETH G. HILL**

ASSEMBLY

ROY ASHBURN
PATRICIA C. BATES
JACKIE GOLDBERG
FRED KEELEY
CAROLE MIGDEN
GEORGE RUNNER
RODERICK WRIGHT

925 L STREET, SUITE 1000
SACRAMENTO, CALIFORNIA 95814
(916) 445-4656

December 13, 2001

Hon. Bill Lockyer
Attorney General
1300 I Street, 17th Floor
Sacramento, California 95814

Attention:   Ms. Tricia Knight
             Initiative Coordinator



RECEIVED
DEC 1 3 2001

INITIATIVE COORDINATOR
ATTORNEY GENERAL'S OFFICE

Dear Attorney General Lockyer:

Pursuant to Elections Code Section 9005, we have reviewed the proposed initiative constitutional amendment that establishes the right of Californians to possess firearms and requires the judiciary to apply a test of "strict scrutiny" in the evaluation of state and local actions regulating the right to bear arms (File No. SA2001RF0041).

## Background

The U.S. Constitution's Second Amendment guarantees the right of citizens to keep and bear arms and has been subject to significant court review for years. Currently, the State Constitution has no equivalent provision. While the Second Amendment confers specific rights regarding the right to bear arms, the courts have allowed federal, state, and local governments to establish prohibitions and restrictions on firearm ownership.

## Proposal

This measure adds a new section to the State Constitution that defines the existing right to defend life and liberty to include the right of each person to keep and bear arms for the defense of self, family, and home. The measure states that this right shall not be infringed.

While individuals may possess and carry firearms, many of the state's existing systems for background checks, weapons permits, and law enforcement investigations of individuals with weapons would likely not change. For example:

- Because the measure has no impact on federal law and maintains prohibitions against the possession of weapons by convicted felons and the mentally incompetent, it appears that the state's systems for background checks (including waiting periods) for weapons purchases and concealed weapons permits would remain in place.

- Under the provisions of this constitutional amendment, it would still be illegal to possess and carry a firearm for the purposes of committing a criminal act.

- Because this measure makes no direct change to existing state constitutional law, the state and local governments would presumably still be responsible for using their police powers to guarantee public safety, thus allowing for the continued prohibition of weapons in certain public places or under certain circumstances (for example, while a person is intoxicated or while operating a motor vehicle).

However, local jurisdictions would not be able to limit who obtains concealed weapons permits unless the applicant does not meet federal or state criteria. In addition, individuals could no longer be arrested and tried for simple possession of a weapon, unless other circumstances existed. Currently, these types of arrests are misdemeanor offenses where the individual is generally cited and released.

The experience of other states enacting similar measures has been an initial increase in requests for concealed weapons permits, resulting in an increase in the number of background checks.

The measure also amends the State Constitution to require the application of a strict scrutiny test in judicial review of state actions that restrict individual rights to acquire and possess firearms. The strict scrutiny test presumes the challenged regulatory action to be invalid and the burden of proof is on state and local governments to show that the law serves a compelling public interest.

Under existing law, state and local government actions regulating firearms have generally been tested under the "rational relationship" test. This test presumes the legislation to be valid if it is rationally related to a legitimate government purpose. The burden of proof is on the challenging party to show that the law is unconstitutional.

Hon. Bill Lockyer                         3                      December 13, 2001

The measure does not limit the ability of the state to regulate the purchase and possession of firearms by individuals who are:

- Felons.
- Minors.
- Mentally incompetent.
- Subject to restraining orders based on their violent conduct.

Finally, this measure stipulates that all local government action on this subject is preempted by state law and the amendment.

## Fiscal Effect

*Direct Effects.* The strict scrutiny test could remove perceived barriers to challenging firearm laws in the courts, resulting in increased legal expenses to the state for defending firearm laws, as well as additional court costs.

The remaining provisions of the measure will probably not result in any direct net cost to state government because it does not specifically change existing statutes. Rather, it establishes constitutional guidelines which apparently are not in conflict with existing state laws and the systems for their implementation. In addition, while there is a potential for an increase in the number of background checks (primarily concealed weapons permits) processed by the Department of Justice, this department is statutorily authorized to recover such costs through fees.

Local governments could experience some costs and savings. The net fiscal impact is unknown. Specifically, while the request for concealed weapons permits could increase, resulting in additional processing costs, the number of concealed weapons violations would likely decrease, resulting in savings to local law enforcement. This measure could also increase legal expenses to local governments resulting from an increase in the number of challenges to local firearm ordinances.

*Indirect Effect.* Research in other states has shown that similar measures can result in indirect savings and costs, however, much of this research is inconclusive regarding the net effect of such changes. Savings could result from the potential reduction in crime resulting from a larger number of citizens possessing firearms for self-defense. On the other hand, increased costs could result from injuries and death resulting from accidental and unintentional firearms use. The net impact of these savings and costs is unknown.

Hon. Bill Lockyer 4 December 13, 2001

## Summary

We estimate that this measure would result in unknown, potential costs to the state and unknown net fiscal effects on local governments.

Sincerely,

*[signed]*
For Elizabeth Hill
Legislative Analyst

*[signed]*
B. Timothy Gage
Director of Finance