**BILL LOCKYER**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

1300 I STREET. SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
Public: (916) 445-9555

Facsimile: (916) 323-2137
(916) 324-5490

January 5, 2000

Bill Jones
Secretary of State
1500 - 11th Street, 5th Floor
Sacramento, California 95814

**FILED**
In the office of the Secretary of State
of the State of California

JAN 0 5 2000

BILL JONES, Secretary of State

By _____
Deputy Secretary of State

RE:       INITIATIVE TITLE AND SUMMARY
SUBJECT:  RIGHT TO KEEP AND BEAR ARMS.
          INITIATIVE CONSTITUTIONAL AMENDMENT.
FILE NO:  SA1999RF0053, Amdt. #1-S

Dear Mr. Jones:

Pursuant to the provisions of sections 9004 and 336 of the Elections Code, you are hereby notified that on this day we mailed our title and summary to the proponent of the above-identified proposed initiative.

Enclosed is a copy of our transmittal letter to the proponent, a copy of our title and summary, a declaration of service thereof, and a copy of the proposed measure.

According to information available in our records, the name and address of the proponent is as stated on the declaration of service.

Sincerely,

*Diane Calkins*

DIANE CALKINS
Initiative Coordinator

For   BILL LOCKYER
      Attorney General

DC:ms
Enclosures

Date: January 5, 2000
File No.: SA1999RF0053, Amdt. #1-S

The Attorney General of California has prepared the following title and summary of the chief purpose and points of the proposed measure:

RIGHT TO KEEP AND BEAR ARMS. INITIATIVE CONSTITUTIONAL AMENDMENT. Amends the California Constitution to state Article I, Section 1 includes the right to keep and bear arms in defense of self, family and home. All State regulation of the right to keep and bear arms will be subject to strict scrutiny review. The Amendment and state law preempts all county, city, and local government action on this subject. The Amendment does not limit the State from regulating the acquisition and possession of arms by felons, minors, the mentally incompetent, and persons subject to restraining orders based on their violent conduct. Summary of estimate by Legislative Analyst and Director of Finance of fiscal impact on state and local governments: This measure would result in unknown, potential costs to the state and unknown net fiscal effects on local governments.

SA1999RF0053
Amdt. #1-S

# Donald E.J. Kilmer, Jr.
*Attorney At Law*

*Defending Life, Liberty and Property*

1261 Lincoln Avenue • Suite 108
San Jose, California 95125
Telephone (408) 998-8489
Facsimile (408) 998-8487
dejkilmer@aol.com

November 11, 1999

Attorney General Bill Lockyer
ATTN.: Diane Calkins – Initiative Coordinator
1300 I Street, Suite 125
P.O. Box 94244-2550
Sacramento, CA 94244-2550



RECEIVED
NOV 1 5 1999
INITIATIVE COORDINATOR
ATTORNEY GENERAL'S OFFICE

Facsimile: 916/323-2137 & 916/324-5490

    SUBJECT:    **Proposed California Constitutional Amendment**
    Your File No.:    SA1999RF0053

Dear Ms. Calkins:

    Thank you for your letter of October 29, 1999. On behalf of Geoffrey M. Metcalf and myself, I would like to submit the following substantive changes to our proposed initiative.

    **The Original Language is a follows:**

    The inalienable right to defend life and liberty as set forth in Article I, Section 1 of the California Constitution includes the fundamental right of each person to keep and bear arms for the defense of self, family and home. This right shall not be infringed.

A.    All State and local government action regulating the right of law-abiding persons to acquire and possess arms for the defense of self, family and home, shall be subject to strict scrutiny, in the same respect as the freedoms of speech and of the press.

B.    This Amendment does not limit the State or local governments from regulating the acquisition and possession of arms by: felons, minors, the mentally incompetent, and any person subject to restraining orders based upon their own violent conduct.

Page 1 of 3

**The editing is indicated at follows:**

{No change to the Preamble}

The inalienable right to defend life and liberty as set forth in Article I, Section 1 of the California Constitution includes the fundamental right of each person to keep and bear arms for the defense of self, family and home. This right shall not be infringed.

{deletes the words <u>and local</u>, and adds the underlined text}

A.  All State government action regulating the right of law-abiding persons to acquire and possess arms for the defense of self, family and home, shall be subject to strict scrutiny, in the same respect as the freedoms of speech and of the press. <u>All county, city and local government action on this subject is preempted by state law and this Amendment.</u>

{deletes the words <u>or local governments</u> }

B.  This Amendment does not limit the State from regulating the acquisition and possession of arms by: felons, minors, the mentally incompetent, and any person subject to restraining orders based upon their own violent conduct.

**The final version of the proposed initiative is as follows:**

The inalienable right to defend life and liberty as set forth in Article I, Section 1 of the California Constitution includes the fundamental right of each person to keep and bear arms for the defense of self, family and home. This right shall not be infringed.

A.  All State government action regulating the right of law-abiding persons to acquire and possess arms for the defense of self, family and home, shall be subject to strict scrutiny, in the same respect as the freedoms of speech and of the press. All county, city and local government action on this subject is preempted by state law and this Amendment.

B.  This Amendment does not limit the State from regulating the acquisition and possession of arms by: felons, minors, the mentally incompetent, and any person subject to restraining orders based upon their own violent conduct.

If is not too late, I would also like to add a clarification to my November 9, 1999 letter. A paragraph #5 should be added to state: That this amendment preempts city, county and local governments from taking action that interferes with this right.

Thank you very much for your time and attention to this matter. If you have any questions or need clarification. Please feel free to contact my office.

Cordially,

Dated: 

_____
Geoffrey M. Metcalf
Vetothegovernor.org

Dated: 11/11/99

_____
Donald E. J. Kilmer, Jr.
Attorney at Law

# Joint Legislative Budget Committee

CHAIR
**STEVE PEACE**

SENATE

MAURICE K. JOHANNESSEN
PATRICK JOHNSTON
TIM LESLIE
JACK O'CONNELL
RICHARD G. POLANCO
JOHN VASCONCELLOS
CATHIE WRIGHT

VICE CHAIR
**DENISE MORENO DUCHENY**

ASSEMBLY

ROY ASHBURN
TONY CARDENAS
JIM CUNNEEN
FRED KEELEY
CAROLE MIGDEN
GEORGE RUNNER
RODERICK WRIGHT

GOVERNMENT CODE SECTIONS 9140-9143



CALIFORNIA LEGISLATURE

LEGISLATIVE ANALYST
ELIZABETH G. HILL

925 L STREET, SUITE 1000
SACRAMENTO, CALIFORNIA 95814
(916) 445-4656

December 22, 1999

Hon. Bill Lockyer
Attorney General
1300 I Street, 17th Floor
Sacramento, California 95814

Attention:   Ms. Diane Calkins
             Initiative Coordinator

**RECEIVED DEC 22 1999**

INITIATIVE COORDINATOR
ATTORNEY GENERAL'S OFFICE

Dear Attorney General Lockyer:

   Pursuant to Elections Code Section 9005, we have reviewed the proposed initiative constitutional amendment that establishes the right of Californians to possess firearms and requires the judiciary to apply a test of "strict scrutiny" in the evaluation of state and local actions regulating the right to bear arms (File No. SA 1999 RF 0053, Amendment No. 1-S).

## Background

   The U.S. Constitution's Second Amendment guarantees the right of citizens to keep and bear arms and has been subject to significant court review for years. Currently, the State Constitution has no equivalent provision. While the Second Amendment confers specific rights regarding the right to bear arms, the courts have allowed federal, state, and local governments to establish prohibitions and restrictions on firearm ownership.

**Proposal**

This measure adds a new section to the State Constitution that defines the existing right to defend life and liberty to include the right of each person to keep and bear arms for the defense of self, family, and home. The measure states that this right shall not be infringed.

While individuals may possess and carry firearms, many of the state's existing systems for background checks, weapons permits, and law enforcement investigations of individuals with weapons would likely not change. For example:

- Because the measure has no impact on federal law and maintains prohibitions against the possession of weapons by convicted felons and the mentally incompetent, it appears that the state's systems for background checks (including waiting periods) for weapons purchases and concealed weapons permits would remain in place.

- Under the provisions of this constitutional amendment, it would still be illegal to possess and carry a firearm for the purposes of committing a criminal act.

- Because this measure makes no direct change to existing state constitutional law, the state and local governments would presumably still be responsible for using their police powers to guarantee public safety, thus allowing for the continued prohibition of weapons in certain public places or under certain circumstances (for example, while a person is intoxicated or while operating a motor vehicle).

However, local jurisdictions would not be able to limit who obtains concealed weapons permits unless the applicant does not meet federal or state criteria. In addition, individuals could no longer be arrested and tried for simple possession of a weapon, unless other circumstances existed. Currently, these types of arrests are misdemeanor offenses where the individual is generally cited and released.

The experience of other states enacting similar measures has been an initial increase in requests for concealed weapons permits, resulting in an increase in the number of background checks.

The measure also amends the State Constitution to require the application of a "strict scrutiny" test in judicial review of state actions that restrict individual rights to acquire and possess firearms. The strict scrutiny test presumes the challenged regula-

Hon. Bill Lockyer                                3                              December 22, 1999

tory action to be invalid and the burden of proof is on state and local governments to show that the law serves a compelling public interest.

Under existing law, state and local government actions regulating firearms have generally been tested under the "rational relationship" test. This test presumes the legislation to be valid if it is rationally related to a legitimate government purpose. The burden of proof is on the challenging party to show that the law is unconstitutional.

The measure does not limit the ability of the state to regulate the purchase and possession of firearms by individuals who are:

- Felons.

- Minors.

- Mentally incompetent.

- Subject to restraining orders based on their violent conduct.

Finally, this measure stipulates that all local government action on this subject is preempted by state law and the amendment.

**Fiscal Effect**

*Direct Effects.* The strict scrutiny test could remove perceived barriers to challenging firearm laws in the courts, resulting in increased legal expenses to the state for defending firearm laws, as well as additional court costs.

The remaining provisions of the measure will probably not result in any direct net cost to state government because it does not specifically change existing statutes. Rather, it establishes constitutional guidelines which apparently are not in conflict with existing state laws and the systems for their implementation. In addition, while there is a potential for an increase in the number of background checks (primarily concealed weapons permits) processed by the Department of Justice, this department is statutorily authorized to recover such costs through fees.

Local governments could experience some costs and savings. The net fiscal impact is unknown. Specifically, while the request for concealed weapons permits could increase, resulting in additional processing costs, the number of concealed weapons violations would likely decrease, resulting in savings to local law enforcement. This measure

Hon. Bill Lockyer 4 December 22, 1999

could also increase legal expenses to local governments resulting from an increase in the number of challenges to local firearm ordinances.

*Indirect Effect.* Research in other states has shown that similar measures can result in indirect savings and costs, however, much of this research is inconclusive regarding the net effect of such changes. Savings could result from the potential reduction in crime resulting from a larger number of citizens possessing firearms for self-defense. On the other hand, increased costs could result from injuries and death resulting from accidental and unintentional firearms use. The net impact of these savings and costs is unknown.

**Summary**

We estimate that this measure would result in unknown, potential costs to the state and unknown net fiscal effects on local governments.

Sincerely,

For Elizabeth G. Hill
Legislative Analyst

for B. Timothy Gage
Director of Finance