BRUCE A. KILDAY, ESQ., SBN 066415
 Email: bkilday@akk-law.com
PETER D. HALLORAN, ESQ., SBN 184025
 Email: phalloran@akk-law.com
SERENA M. SANDERS, ESQ., SBN 264799
 Email: ssanders@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Ave. Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants YOLO COUNTY and SHERIFF ED PRIETO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM RICHARDS, BRETT STEWART, SECOND AMENDMENT FOUNDATION, INC., and THE CALGUNS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ED PRIETO and COUNTY OF YOLO<br><br>Defendants. | Case No.:2:09-CV-01235-MCE-DAD (Temp)<br><br>**DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 10, 2011<br>Time: 2:00 p.m.<br>Courtroom: 7, 14th Floor<br>Judge: Morrison C. England, Jr.<br><br>Trial Date:  None |

Defendants respond to Plaintiffs' Statement of Undisputed Facts as follows:

| UNDISPUTED FACT AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1.  California law generally prohibits the open carrying of loaded, functioning firearms in any public place or on any public street in an incorporated city or in any public place or on | 1.  Defendants object to this "fact" on the grounds that this "fact" contains only argument and not fact in violation of E. Dist. Loc. Rule 260(a).  Defendants discuss the cited statute in |

1
DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}

| | **UNDISPUTED FACT AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | any public street in a prohibited area of unincorporated territory, with licensed exceptions for residents of sparsely populated counties. | its opposition to this motion. |
| 4 | | |
| 5 | | |
| 6 | Evidence: Cal. Penal Code § 12031 *et seq*. | |
| 7 | 2.   California law generally prohibits the unlicensed concealed carrying of handgun. | 2.   Defendants object to this "fact" on the grounds that this "fact" contains only argument and not fact in violation of E. Dist. Loc. Rule 260(a). Defendants discuss the cited statute in its opposition to this motion. |
| 8 | Evidence: Cal. Penal Code § 12025 *et seq*. | |
| 9 | | |
| 10 | 3.   The license available under Cal. Penal Code § 12025 is the only legal option available to ordinary citizens who wish to carry firearms for self defense. | 3.   Defendants object to this "fact" on the grounds that this "fact" contains only argument and not fact in violation of E. Dist. Loc. Rule 260(a). Defendants discuss the cited statutes in its opposition to this motion. |
| 11 | | |
| 12 | | |
| 13 | Evidence: Cal. Penal Code § 12025 (banning unlicensed concealed carry), 12031 (banning unlicensed open carrying); 12050 (restricting open carry licenses to counties with fewer than 200,000 inhabitants). | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | 4.   Applicants for a license to carry a loaded concealable firearms must pass a criminal background check, and complete training in the proper use of handguns. | 4.   Defendants object to this "fact" on the grounds that this "fact" contains only argument and not fact in violation of E. Dist. Loc. Rule 260(a). Defendants discuss the cited statutes in its opposition to this motion. |
| 18 | | |
| 19 | | |
| 20 | Evidence: Cal. Penal Code §§ 12025(a)(1)(E), 12052 *et seq*. | |
| 21 | | |
| 22 | 5.   Application for a CCW Permit is made to the Sheriff of the county in which the applicant resides or spends a substantial period of time at a principal place of business and/or employment. | 5.   Defendants object to this "fact" on the grounds that this "fact" contains only argument and not fact in violation of E. Dist. Loc. Rule 260(a). Defendants discuss the cited statutes in its opposition to this motion. |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | Evidence: Cal. Penal Code §§ 12025(a)(1)(A), 12050(a)(1)(D)(I), 12050(a)(1)(D)(ii). | |
| 27 | 6.   Application for a CCW Permit may also be made to the Chief or other head of a municipal police department, within a county | 6.   Defendants object to this "fact" on the grounds that this "fact" contains only argument and not fact in violation of E. Dist. Loc. Rule |
| 28 | | |

DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}

| UNDISPUTED FACT AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| in which the applicant resides or spends a substantial period of time at a principal place of business and/or employment.<br><br>Evidence: Cal. Penal Code §§ 12025(a)(1)(B), 12050(a)(1)(D)(I), 12050(a)(1)(D)(ii). | 260(a). Defendants discuss the cited statutes in its opposition to this motion. |
| 7.   A Sheriff and/or the chief of a municipal police department has discretion to determine whether an applicant "is of good moral character, [and] that good cause exists for the issuance" of a CCW permit.<br><br>Evidence: Cal. Penal Code §§ 12025(a)(1)(A), 12050(a)(1)(B). | 7.   Defendants object to this "fact" on the grounds that this "fact" contains only argument and not fact in violation of E. Dist. Loc. Rule 260(a). Defendants discuss the cited statutes in its opposition to this motion. |
| 8.   A Sheriff and/or the chief of a municipal police department is required to publish and make available a written policy summarizing the provisions of Cal. Penal Code §§ 12025(a)(1)(A) and (B).<br><br>Evidence: Cal. Penal Code § 12050.2. | 8.   Defendants object to this "fact" on the grounds that this "fact" contains only argument and not fact in violation of E. Dist. Loc. Rule 260(a). Defendants discuss the cited statutes in its opposition to this motion. |
| 9.   Defendant Ed Prieto is the Sheriff of Yolo County.<br><br>Evidence: Answer to First Am. Complaint ¶ 5; Answer to Scnd. Am. Complaint ¶ 3. | 9.   Undisputed. |
| 10.   Defendant Prieto's "Concealed Weapons License Policy" provides that applicants "Be of good moral character," "Show good cause for the issuance of the license," and "Provide at least three letters of character reference" from non-relatives.<br><br>Evidence: Exh. A. | 10.   Undisputed. |
| 11.   Defendant Prieto's application for a license to carry a handgun requires disclosure of "substantial personal information [that] may be subject public access under the Public Records Act." | 11.   Undisputed that the cited policy recites that the application "will include substantial personal information." Further undisputed that the policy recites that "[m]uch of the information may be subject public access under |

3
DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}

| UNDISPUTED FACT AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Evidence: Exh. A. | the Public Records Act." However, Defendants dispute that Prieto submitted any sort of application for a license to carry a handgun. |
| 12. Defendant Prieto's policy regarding the issuance of gun carry permits includes among "examples of invalid reasons to request a permit" "self-protection and protection of family (without credible threats of violence)." <br><br>Evidence: Exh. A. | 12. Undisputed. |
| 13. Defendant Prieto does not schedule gun carry permit applicants for fingerprinting and background checks unless "the Sheriff or his designee feels there is sufficient reason to grant the license." <br><br>Evidence: Exh. A. | 13. Undisputed that this fact accurately states the Sheriff's policy. |
| 14. Even where he issues gun carry permits, Prieto reserves the right to impose "any and all reasonable restrictions and conditions" that he "has deemed warranted," violations of which can lead to summary revocation of the Sheriff. <br><br>Evidence: Exh. A. | 14. Undisputed that this fact accurately states the Sheriff's policy. |
| 15. Defendant Prieto maintains that "the issuance, amendment or revocation" of a gun carry license "remains exclusively within the discretion of the Sheriff." <br><br>Evidence: Exh. A. | 15. Disputed. The policy does not contain the cited language. Rather, the policy sets forth the criteria for the issuance, amendment and revocation of concealed weapons licenses. |
| 16. Gun carry licenses in Yolo County may be renewed "[i]f the Sheriff or his designee feels there is sufficient reason to renew the license." <br><br>Evidence: Exh. A. | 16. Undisputed that this is one of the criteria for license renewal contained in the cited policy. |

4
DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}

| UNDISPUTED FACT AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 17. Plaintiffs Adam Richards and Brett Stewart are law abiding residents of Yolo County, fully qualified to possess firearms under state and federal law.<br><br>Evidence: Richards Decl., ¶¶ 1, 2; Stewart Decl., ¶¶ 1, 2 | 17. For purposes of this motion, Defendants do not dispute that Richards and Stewart are "law abiding residents of Yolo County." However, Defendants object to Plaintiffs' claim that they are "fully qualified to possess firearms under state and federal law" on the grounds that this statement is a legal conclusion not supported by any fact. |
| 18. In March, 2009, Richards contacted Defendant Prieto's office to inquire about the process for obtaining a permit to carry a handgun. Defendant Prieto's office advised Richards that the desire to have a gun available for self-defense would not constitute "good cause" for the issuance of the permit, and that he should not apply because doing so would be a futile act.<br><br>Evidence: Richards Decl., ¶ 4. | 18. Object as irrelevant. Richard's desire to carry a handgun is not at issue in this case. Rather, what is at issue is the constitutionality of Yolo's <u>concealed</u> weapons license policy. Likewise what Richards was told by the Sheriff's office about the handgun policies is irrelevant. The concealed weapons license policy speaks for itself. |
| 19. Richards was further advised that as a matter of policy, his application would also not be considered unless he first applied to the Chief of Police in the City of Davis, where he resides.<br><br>Evidence: Richards Decl., ¶ 4. | 19. Object as irrelevant. What Richards was told by the Sheriff's office about the handgun policies is irrelevant. The concealed weapons license policy speaks for itself. |
| 20. Richards subsequently applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On April 1, 2009, Black denied Plaintiff Richards' application for a gun carry permit, stating in writing that for budgetary reasons his department no longer process handgun carry permit applications, and suggesting that Richards seek a permit from Defendant Prieto.<br><br>Evidence: Richards Decl., ¶ 5. | 20. Undisputed for purposes of this motion only. |
| 21. Plaintiff Richards seeks to exercise his Second Amendment right to carry a handgun for personal protection. | 21. Undisputed for purposes of this motion only. |

5
DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}

| UNDISPUTED FACT AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Evidence: Richards Decl., ¶ 3. | |
| 22. Plaintiff Richards seeks a handgun carry permit so that he might protect himself and his family. However, Richards has received no threats of violence and is unaware of any specific threat to him or his family. | 22. Undisputed for purposes of this motion only. |
| Evidence: Richards Decl., ¶ 3. | |
| 23. Plaintiff Richards has read Defendant Prieto's written policy declaring that "self-protection and protection of family (without credible threats of violence)" is among "examples of invalid reasons to request a permit," which is consistent with his experience in unsuccessfully seeking a permit application. | 23. Object as irrelevant. Plaintiff's understanding of the policies is not relevant to this motion. |
| Evidence: Richards Decl., ¶¶ 6, 7. | |
| 24. Plaintiff Richards thus understands that he lacks "good cause" to obtain a permit as that term is defined and implemented by Defendants Prieto and Yolo County. | 24. Object as irrelevant. Plaintiff's understanding is not relevant to this motion. |
| Evidence: Evidence: Richards Decl., ¶ 8. | |
| 25. Plaintiff Richards fears arrest, prosecution, fines and imprisonment were he to carry a handgun without a permit. But for the lack of a permit to do so, Richards would carry a handgun in public for self-defense. | 25. Object as irrelevant. Plaintiff's "fears" of arrest, prosecution, fines, and imprisonment are not relevant to this motion. |
| Evidence: Richards Decl., ¶ 10. | |
| 26. On March 17, 2010, Stewart applied to Davis Police Chief Lanny Black for a permit to carry a handgun. On March 18, 2010, Black denied Plaintiff Stewart's application for a permit to carry a handgun, stating that for budgetary reasons his department no longer processes handgun carry permit applications, | 26. Undisputed. |

6
DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}

| UNDISPUTED FACT AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| and suggested that Stewart seek a permit from Prieto. | |
| Evidence: Stewart Decl., ¶ 5. | |
| 27. On March 23, 2010, Stewart applied to Defendant Prieto for a permit to carry a handgun. On april 27, 2010, Stewart was informed that his application was denied, because "the reasons listed in your application do not meet the criteria in our policy." | 27. Undisputed. |
| Evidence: Stewart Decl., ¶ 6; Exh. D. | |
| 28. Plaintiff Stewart seeks to exercise his Second Amendment right to carry a handgun for personal protection. He seeks a handgun carry permit so that he might protect himself and his family. However, Stewart has received no threats of violence and is unaware of any specific threat to him or his family. | 28. Undisputed for purposes of this motion only. |
| Evidence: Stewart Decl., ¶ 3. | |
| 29. Plaintiff Stewart fears arrest, prosecution, fines and imprisonment were he to carry a handgun without a permit. But for the lack of a permit to do so, Stewart would carry a handgun in public for self-defense. | 29. Object as irrelevant. Plaintiff's "fears" of arrest, prosecution, fines, and imprisonment are not relevant to this motion. |
| Evidence: Stewart Decl., ¶ 7. | |
| 30. Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. | 30. Undisputed for purposes of this motion only. |
| Evidence: Versnel Decl., ¶ 2. | |
| 31. SAF has over 650,000 members and supporters nationwide, including many in California. | 31. Undisputed for purposes of this motion only. |

7
DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}

| UNDISPUTED FACT AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Evidence: Versnel Decl., ¶ 2. | |
| 32. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. | 32. Undisputed for purposes of this motion only. |
| Evidence: Versnel Decl., ¶ 2. | |
| 33. The Calguns Foundation, Inc., is a non-profit organization incorporated under the laws of California with its principal place of business in Redwood City, California. | 33. Undisputed for purposes of this motion only. |
| Evidence: Hoffman Decl., ¶ 2. | |
| 34. The purposes of Calguns include supporting the California firearms community by providing education for all stakeholders about firearm laws, rights and privileges, and securing the civil rights of California gun owners, who are among its members and supporters. | 34. Undisputed for purposes of this motion only. |
| Evidence: Hoffman Decl., ¶ 2. | |
| 35. SAF and Calguns expend their resources encouraging exercise of the right to bear arms, and advising and educating their members, supporters, and the general public about the varying policies with respect to the public carrying of handguns in California, including in Yolo County. Defendants' policies regularly cause the expenditure of resources by SAF and Calguns as people turn to these organizations for advise and information. The issues raised by, and consequences of, Defendants' policies, are of great interest to SAF and Calguns' constituencies. | 35. Undisputed for purposes of this motion only. |
| Evidence: Versnel Decl., ¶ 3; Hoffman Decl., ¶ 3. | |

8
DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}

| UNDISPUTED FACT AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 36. Defendants' policies bar the members and supporters of SAF and Calguns from obtaining permits to carry handguns.<br><br>Evidence: Versnel Decl., ¶¶ 4, 5; Hoffman Decl., ¶¶ 4, 5. | 36. Undisputed for purposes of this motion only. |

Dated: February 10, 2011

ANGELO, KILDAY & KILDUFF, LLP

By: ___*/s/ Serena M. Sanders*___
SERENA M. SANDERS
Attorneys for Defendants YOLO COUNTY and SHERIFF ED PRIETO

9
DEFENDANTS YOLO COUNTY AND ED PRIETO'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

{00048265}