Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Richards, et al., ) | Case No. 2:09-cv-01235-MCE-DAD  (TEMP) |
| Plaintiffs, ) | NOTICE OF NEWLY DECIDED AUTHORITY |
| v. ) | |
| Ed Prieto, et al., ) | |
| Defendants. ) | |

TO THE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 2, 2011, the Ninth Circuit decided the case of *Nordyke* v. *King*, ___ F.3d ___, 2011 U.S. App. LEXIS 8906 (9th Cir. May 2, 2011).

*Nordyke* is highly relevant controlling authority in this action as it provides instructions for the evaluation of Second Amendment claims. The Ninth Circuit noted that the *Nordyke* plaintiffs, who challenged a ban on the possession of guns on county property as applied to gun shows, "[did] not allege that they wish to carry guns on county property for the purpose of defending themselves while on that property," *Nordyke*, at *23 (footnote omitted).

Accordingly the Ninth Circuit did not address the question of whether carrying arms in public for self-defense is protected by the Second Amendment, nor did it address the applicability of prior restraint standards to handgun carry license schemes. However, the Ninth Circuit directly addressed several issues that have been briefed by the parties in this matter:

- Over Judge Gould's partial dissent, the Court flatly rejected the "reasonable regulation" standard of review that was proposed by amici in this case. *Nordyke*, at *30-*33.

- The Court held that "regulations which substantially burden the right to keep and to bear arms trigger heightened scrutiny under the Second Amendment," *Nordyke*, at *22 (footnote 9: "We need not decide today precisely what type of heightened scrutiny applies to laws that substantially burden Second Amendment rights."). Accordingly, although strict scrutiny was rejected as the initial test, it remains an open question whether this form of heightened scrutiny is applicable where the burden on Second Amendment rights is determined to be substantial.

- The Court rejected focusing Second Amendment questions on empirical assessments of a challenged law's value or effectiveness. "Sorting gun-control regulations based on their likely effectiveness is a task better fit for the legislature." *Nordyke*, at *18 (citation omitted). The Court indicates primary focus is to be directed at the extent to which a law burdens Second Amendment rights: "Just as important as what *Heller* said about a government-interest approach is what *Heller* did not say. Nowhere did it suggest that some

regulations might be permissible based on the extent to which the regulation furthered the government's interest in preventing crime. Instead, *Heller* sorted such regulations based on the burden they imposed on the right to keep and to bear arms for self-defense." *Nordyke*, at *16.

- Describing "severe" Second Amendment burdens, *Nordyke* referenced the following passage from *State* v. *Reid*, 1 Ala. 612, 616-17 (1840), as quoted by *District of Columbia* v. *Heller*, 554 U.S. 570, 629 (2008): "[a] statute which, under the pretence of regulating, amounts to a destruction of the right, or which requires arms to be so borne as to render them wholly useless for the purpose of defence, would be clearly unconstitutional." *Nordyke*, at *14-*15.

Defendants' challenged policies clearly impose a "substantial burden" on Plaintiffs' ability to bear arms, as protected by the Second Amendment, within the meaning of *Nordyke*. Any requirement that guns be carried unloaded "render[s] them wholly useless for the purpose of defence." And under *Nordyke*, the various crime and safety related concerns asserted in defense of the challenged practices are largely, if not completely, irrelevant.

Dated: May 12, 2011                                  Respectfully submitted,

| | |
|---|---|
| Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986) | Alan Gura (Calif. Bar No. 178221) |
| Law Offices of Donald Kilmer, A.P.C. | Gura & Possessky, PLLC |
| 1645 Willow Street, Suite 150 | 101 N. Columbus St., Suite 405 |
| San Jose, CA 95125 | Alexandria, VA 22314 |
| 408.264.8489/Fax 408.264.8487 | 703.835.9085/Fax 703.997.7665 |
| E-Mail: Don@DKLawOffice.com | |
| By: /s/ Donald E.J. Kilmer, Jr. | By: /s/ Alan Gura |
| Donald E.J. Kilmer, Jr. | Alan Gura |
| | Attorneys for Plaintiffs |